SMITH, Respondent, vs. FEDERAL RUBBER COMPANY, Appellant.

*December 5, 1919—January 13, 1920.*

*Malicious prosecution: Probable cause: Advice of counsel: Failure to advise of good reputation of plaintiff.*

1. One who makes a complaint on the advice of a reputable attorney, after a full, fair, and honest statement to the attorney of all facts and information within his knowledge, honestly believing the person charged to be guilty, has probable cause, as a matter of law, for his action.
2. The defense of advice of counsel as probable cause does not fail because the complainant, before verifying the complaint, did not state to the district attorney that the person charged with the crime was of good character and reputation, where the district attorney advised him that the facts and circumstances communicated were in themselves good grounds for commencing a criminal action and proceeded upon the belief that the person complained against was of good standing in the community.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Reversed.*

This is an action for malicious prosecution. The complaint alleges that the plaintiff, a physician and surgeon, was maliciously arrested and prosecuted without probable cause, charged with having knowingly received tires stolen from the defendant company. Plaintiff claims damages in the sum of $10,000. The answer of the defendant sets forth probable cause and alleges that defendant acted throughout on the advice of counsel, namely, the district attorney of Milwaukee county.

It appears that in February, 1918, the defendant company was conducting an investigation into losses of tires, and Robert M. Lauer, assistant comptroller of the company, secured confessions from two employees, Brownell and Henry by name, in which they confessed to stealing tires and to selling them to different persons in the city of Milwaukee, among them Dr. Smith. These confessions were turned over to the district attorney. The district attorney and his assistant advised Lauer to sign the complaint against Dr. Smith, which he did.

The case was tried before the court and a jury. By a special verdict the jury found that when the defendant commenced criminal proceedings against the plaintiff on February 15, 1918, defendant did not have probable cause to believe plaintiff guilty of the offense charged in the complaint; that defendant acted maliciously in commencing the criminal proceedings; that Lauer did not make a full, fair, and honest statement of all material facts known to him bearing upon the question of the plaintiff's guilt of the offense to the district attorney or his assistant for the purpose of procuring legal advice thereon before commencement of the criminal proceedings against Dr. Smith; that Lauer did not act in good faith in commencing the criminal proceeding; that plaintiff is entitled to $2,000 compensatory damages and $500 punitory damages.

Judgment was entered on the verdict, from which judgment this appeal is taken.

For the appellant there were briefs by *Miller, Mack & Fairchild,* and oral argument by *Paul R. Newcomb* and *J. G. Hardgrove,* all of Milwaukee.

For the respondent there was a brief by *Churchill, Bennett & Churchill* of Milwaukee, and oral argument by *W. H. Bennett.*

SIEBECKER, J.  It appears that Henry, an employee of the defendant company, on February 7, 1918, confessed to stealing tires to Mr. Lauer.  This confession was taken down in shorthand by his stenographer.  The chief of police of the city of Cudahy was present, at Mr. Lauer's request.  On the following day Brownell also confessed to being implicated in this theft.  At this time Henry gave additional details of how the tires were taken, disposed of, and to whom they were sold.  In the statement of Henry he declared that some of the tires so stolen were sold to *Dr. Smith,* the plaintiff in this action.  Brownell at this conference confirmed Henry's statement that a pair of tires were sold to *Dr. Smith.*  On February 9th the chief of police of Cudahy and Mr. Lauer presented the confessions and other matters to Mr. Zabel, district attorney of Milwaukee county, and, upon inquiry by Zabel, the chief of police of Cudahy informed him how the confessions were secured.  Mr. Zabel thereupon had complaint made and secured the arrest of Henry and Brownell, who were being held in custody by the chief of police.  On February 11th the district attorney and two assistants went over the confession in the presence of Henry, Brownell, Lauer, and others at the district attorney's office.  Mr. Zabel questioned Henry and Brownell concerning the confessions and went into the details of the transactions of obtaining the tires, the quantity taken, to whom and the manner in which they had sold them, and obtained the names of the persons who bought the tires at a greatly reduced price.  Mr. Zabel testified:

"After the confessions were presented to me· and after I had examined Mr. Brownell and Mr. Henry . . . I advised the taking out of warrants for the arrest of Brownell and . . . Henry and for the arrest of the various persons to whom these two men admitted having disposed of stolen tires, including a warrant against *Dr. Smith.*"

The district attorney also stated that he informed Mr. Lauer that the purchaser committed a crime and that "they are all equally guilty, they are representative business men and they ought to know better. They don't ordinarily transact their business in this way." The assistant district attorney also advised Mr. Lauer that the purchasers had committed an offense and that the confessions of Henry and Brownell sustained the charge that *Dr. Smith* had knowingly bought stolen tires. It appears that Mr. Zabel informed Mr. Lauer that it was his duty to institute criminal proceedings against *Dr. Smith* and other purchasers of tires by swearing to the criminal complaint. The record shows that Lauer made a full and complete statement of the facts within his knowledge concerning the whole affair to the district attorney and his assistant before he signed the criminal complaint against *Dr. Smith.* It is a well established rule by the adjudications of this court that in an action for malicious prosecution, if a person makes a criminal complaint upon the advice of a reputable attorney, after a full, fair, and honest statement to such attorney of all the facts and information within his knowledge, honestly believing the person charged to be guilty, he has probable cause, as a matter of law, for his action. *King v. Apple River P. Co.* 131 Wis. 575, 111 N. W. 668; *Topolewski v. Plankinton P. Co.* 143 Wis. 52, 126 N. W. 554; *Small v. McGovern,* 117 Wis. 608, 94 N. W. 651.

The nature and effect of such a defense in this class of actions was fully treated in the *King Case* and requires no further elaboration here. It is there stated:

"The term 'full and fair statement of all the facts' does

not mean all the facts discoverable, but all the facts within the knowledge of the person making the statement. If he knows facts enough, either personally or by credible information, which, when fully and fairly stated to reputable counsel for the purpose of obtaining legal guidance, results in advice which is honestly followed in commencing the criminal proceedings, that is sufficient."

The record in this case is clear that Mr. Lauer made a full and fair statement of all the facts and information within his knowledge to the district attorney; that he believed that the plaintiff was guilty, and that he was advised by the district attorney that the facts constituted good legal ground for commencing criminal prosecution against plaintiff, and that he in good faith followed such advice. The respondent strenuously insists that the defendant failed to establish the defense of advice of counsel as probable cause, because Mr. Lauer did not state before swearing to the complaint that he had learned upon inquiry that *Dr. Smith* was the associate of good and reputable persons and that he, Lauer, believed from what he learned about him that *Dr. Smith* was a man of good character and standing in the community. This contention is of no avail in this case, for two reasons: first, that it is manifest that the district attorney advised him specifically that facts and circumstances communicated were in themselves a good and sufficient ground for commencing the criminal action; and secondly, that the district attorney evidently proceeded upon the belief that *Dr. Smith* had a good standing in the community, for he declared of him and the rest that those who purchased the stolen tires were representative business men who ordinarily did not transact their business in this way.

We are of the opinion that the trial court clearly erred in holding that the defense of advice of counsel was not established as a matter of law. It is considered that the record clearly establishes that Mr. Lauer signed the criminal complaint upon the advice and direction of the district attorney after he had fully, fairly, and honestly stated to

him all the facts and information within his knowledge, which the district attorney deemed sufficient to show that *Dr. Smith* bought the tires knowing them to be stolen property, and that Lauer honestly believed *Dr. Smith* guilty of violating the law as advised by the district attorney. Upon this state of the case it was error to award judgment against the defendant.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded with directions to award judgment dismissing plaintiff's complaint.