Mawhinney, Respondent, vs. Morrissey, imp., Appellant.

*March 10—June 20, 1932.*

334

336

For the appellant there was a brief by *Corrigan & Backus* and *Ruppa & Bortin,* all of Milwaukee, and oral argument by *Walter D. Corrigan.*

For the respondent there were briefs by *William A. Sheldon* of Elkhorn, and oral argument by *Peter M. Huiras* of Port Washington.

The following opinion was filed April 6, 1932:

ROSENBERRY, C. J.   Four principal questions are raised upon this appeal: (1st) That the defendant acted upon facts which showed as a matter of law that there was probable cause for the arrest of the plaintiff; (2d) that there being probable cause as a matter of law, the defendant acted without malice; (3d) that the defendant Edward Morrissey having acted upon the advice of attorney upon a full statement of facts, probable cause and elimination of malice are established as a matter of law; (4th) that it appears conclusively that the criminal proceedings which form the basis

of the present action were terminated by agreement between the parties under such circumstances as to leave no foundation for subsequent claim of malicious prosecution.

Whether or not there was probable cause for the arrest of the plaintiff for larceny of the cream depended entirely upon the unsupported statement of one Johnson, who was the successor of the plaintiff upon the farm of the defendant Katie Morrissey. The substance of his report is set out in the statement of facts. The taking of the cream is denied by the plaintiff and by his wife. It is considered that upon the evidence offered and received in the case it is a question of fact whether or not there was probable cause warranting the defendant Edward Morrissey in procuring the arrest of the plaintiff.

The complaint in the criminal action charges the larceny as of the 28th day of July, 1930. The proof shows that the report was made to the defendant on the 26th day of July and that the larceny if any occurred on the morning of the 26th. This was at a time when the plaintiff was entitled to the possession of the farm. It appears from the evidence that Johnson did the milking on Saturday evening, July 25th, but if he did, according to all the evidence, he had no right to do it as possession of the farm was not to be given to him until the evening of the 26th. It is very doubtful whether under the facts as stated by Johnson the plaintiff was guilty of larceny. The farm was still in plaintiff's possession. If the plaintiff had committed any offense it was larceny as bailee, and the proof is totally insufficient to sustain that offense as plaintiff was entitled to take all the milk and cream he needed for his own use and there is no proof that the amount taken exceeded the amount he was authorized to take, except the fact that Johnson reported that five cans had been skimmed. It is considered, therefore, that upon the question of whether or not the defendant Edward Morris-

sey acted upon probable cause was clearly a question for the jury. The question of whether or not the defendant was actuated by malice was likewise for the jury.

The claim of the defendant Edward Morrissey that he being a lawyer was justified under the rule that a layman who submits a truthful statement of the facts in a case to counsel and acts in reliance upon advice of counsel is justified in so acting, cannot be sustained. We find no case and we have been cited to no case decided upon facts in any way similar to the facts in this case. However, under the facts in the case at bar, the reason for the rule entirely fails. The reason that a layman not learned in the law is justified by the advice of counsel is that he has sought the advice of a person disinterested and learned in the law who has given him counsel uninfluenced by any interest in the transaction. 18 L. R. A. N. s. 70. Conceding that Mr. Morrissey exercised sound judgment upon the facts reported to him by the proposed tenant, Johnson; he certainly could not be said to be disinterested. *White v. Carr,* 71 Me. 555. Furthermore, proof of what he considered in arriving at the conclusion that the plaintiff was guilty of larceny can be established only by his unsupported statement. His credibility as a witness, under all the circumstances, must be for the jury. The reason for the rule failing, it is considered that the rule has no application to such a situation as is presented by the facts of the case at bar. A person cannot act as his own unbiased disinterested counsel.

In the court below, the defendant Edward Morrissey moved, among other grounds, for a dismissal of the action as to him on the ground that the criminal action was dismissed by agreement of the parties and therefore affords no basis for the present action. The motion was denied. Thereupon counsel for the defendant moved to have a question covering probable cause inserted in .the special verdict but did not ask that a question covering the matter of settlement

be included in the verdict. This could scarcely have been inadvertent, and counsel there as here no doubt intended to rely upon the matter as a question of law. Failing to request that the matter be submitted in the special verdict, it must be held under the statute (sec. 270.08) that the issue in that regard is determined in favor of the plaintiff, the verdict as returned being in his favor. Upon the evidence disclosed by the record, we cannot say that the plaintiff is concluded by the settlement as a matter of law. The defendant Edward Morrissey testified as follows:

"The agreement that I have testified to between me and Mr. Reynolds pursuant to which the criminal [larceny] action was dismissed, was that we simply discussed the matter and I was satisfied that it be done. There was some argument at that time in that Mr. Mawhinney was claiming wages were due and I claimed damages against him. After the adjustment of that argument the criminal action was dismissed."

Mr. Reynolds, attorney for the plaintiff in the larceny action, testified:

"There was one case that Mr. Morrissey and I agreed to dismiss. That case was dismissed before Judge Gavin. It was the case where the record shows that I was present and the defendant was not present. . . . That was the milk-stealing case."

The pleadings contained no reference to a settlement nor does the record in any way indicate that the question of settlement was before the court until defendant's motion to direct a verdict was made. The docket entry indicates a confused state of affairs. According to the docket the defendant did not appear, but on motion of defendant's counsel the case is dismissed. The testimony of the defendant Edward Morrissey indicates that what was settled was the controversy as to wages and damages. It is quite apparent that the issue as to settlement was not fully tried.

In view of the state of the record it is considered that the case should be remanded for a new trial upon this question. That will afford an opportunity for each party to produce evidence directed to this contention. It is hardly necessary to point out that, in order for the plaintiff to maintain this action, the prosecution upon which it is based must have terminated favorably to him. What constitutes a successful termination is indicated in the cases. See *Halberstadt v. New York Life Ins. Co.* 194 N. Y. 1, 86 N. E. 801; 18 Ruling Case Law, pp. 23–26, §§ 12, 13.

In all other respects the judgment of the trial court is affirmed.

*By the Court.*—Judgment reversed, and cause remanded with directions to proceed as indicated in the opinion.

A motion for a rehearing was denied, without costs, on June 20, 1932.