ELMER, Appellant, vs. CHICAGO & NORTH WESTERN RAILWAY COMPANY, Respondent.*

*May 3—June 6, 1950.*

* Motion for rehearing denied, with $25 costs, on September 6, 1950.

230

*Cleland P. Fisher* of Janesville, for the appellant.

For the respondent there was a brief by *Edward H. Borgelt, Richard S. Gibbs,* and *James R. Walker,* all of Milwaukee, and oral argument by *Mr. Gibbs.*

MARTIN, J.   The six essential elements in an action for malicious prosecution are:

1. There must have been a prior institution or continuation of some regular judicial proceedings against the plaintiff in this action for malicious prosecution.

2. Such former proceedings must have been by, or at the instance of, the defendant in this action for malicious prosecution.

3. The former proceedings must have terminated in favor of the defendant therein, the plaintiff in the action for malicious prosecution.

4. There must have been malice in instituting the former proceedings.

5. There must have been want of probable cause for the institution of the former proceedings.

6. There must have been injury or damage resulting to the plaintiff from the former proceedings.

*Stidham v. Diamond State Brewery* (1941), 41 Del. 330, 21 Atl. (2d) 283, 284; 54 C. J. S., Malicious Prosecution, p. 955, sec. 4.

Several of the named essentials are admittedly present in this case. (1) There was a former criminal proceeding instituted against John Elmer, the present plaintiff; (2) such proceeding was instituted by the present defendant through

its agent and employee, Fred M. Schleicher; and (3) the former proceeding terminated in favor of the defendant therein as the criminal charge was dismissed on motion of the district attorney for insufficient evidence. Finally (6) there is evidence of damage to the present plaintiff.

This then leaves to be considered the two elements of the action, viz: (4) The existence of malice in the original prosecution, and (5) the want of probable cause in instituting such original prosecution.

Malice may be actual or inferred. 54 C. J. S., Malicious Prosecution, p. 1003, sec. 41. The use of criminal process for private purposes shows the existence of malice. 54 Id., p. 1006, sec. 42. It may be inferred from lack of probable cause. 54 Id., p. 1006, sec. 43.

The main issues to be determined here are whether there was probable cause for defendant's agent, Schleicher, to make the complaint against John Elmer charging him with larceny, and whether Schleicher made a full and fair disclosure of the facts to the district attorney.

"Probable cause" has been defined to be such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty. It is generally held that whether a defendant sued for malicious prosecution acted on probable cause is a mixed question of law and fact. Where the facts are in dispute, the jury determines the facts under proper instruction of the trial court, and the court determines the question of probable cause from such facts. Where the facts are undisputed, the question of probable cause is solely for the court. *De Vries v. Dye* (1936), 222 Wis. 501, 504, 505, 269 N. W. 270.

An examination of the testimony of defendant's agent, Schleicher, in plaintiff's affidavit filed in opposition to defendant's motion for summary judgment, discloses that Schleicher had no personal knowledge that Elmer had committed any

offense. Schleicher did not see the rails removed. The only other railroad witness for the defendants was a flagman who saw Elmer on August 5th at about 11:15 a. m. openly load two pieces of rail onto his car. There was no concealment of any kind about the transaction. On preliminary examination the flagman testified: "Mr. Elmer did not appear to be a man stealing rails, when I saw him." He did not report the matter to the police. The police officer for the city of Evansville testified that on June 27, 1947, he saw Elmer loading a rail on his automobile and on cross-examination testified as follows with regard to his conversation with Elmer: "I asked him whose rails they were, and he said his; that he had bought them from the North Western Railroad Company."

The summary-judgment statute, sec. 270.635, Stats., does not authorize the trial of contested issues on affidavits. *Prime Mfg. Co. v. A. F. Gallun & Sons Corp.* (1938), 229 Wis. 348, 355, 281 N. W. 697; *Parish v. Awschu Properties, Inc.* (1945), 247 Wis. 166, 173, 19 N. W. (2d) 276.

It was stated in *Hanson v. Halvorson* (1945), 247 Wis. 434, 437, 19 N. W. (2d) 882:

"Under the facts above stated and the array of cases above cited announcing the principles governing denial of a summary judgment, it is manifest that summary judgment was properly denied in the instant case because the issue of the sufficiency of Halvorson's lookout was a jury question. If the pleadings, taking them as they stand, make a case for trial by a jury, a summary judgment will be denied unless it appears from the affidavits that different conclusions of essential ultimate fact cannot reasonably be drawn. Nor will such judgment be granted where it does not appear from the affidavits that no circumstances exist that tend to support an inference of essential ultimate fact contrary to that contended for by the movant, nor where it does not appear that the conclusive effect claimed for the affidavits by the movant cannot be destroyed by cross-examination. Hardly ever can a summary judgment be granted upon affidavits unless the

issue raised by the pleadings undeniably depends upon documents set forth by copy in the affidavit of the moving party which are not impeached by an opposing affidavit. Several improper resorts to the statute seem to have been made in reliance on *Petrie v. Roberts,* 242 Wis. 539, 8 N. W. (2d) 355, in which the court extended application of the statute far beyond what had theretofore been considered proper. That case went the limit, and the court is not disposed to extend the limit further."

In the *Petrie Case* a full disclosure of the facts was made to private counsel, the district attorney's office, and the state department of securities. This distinguishes it from the present case. There is nothing in the affidavit filed by the defendant Railway Company to show full disclosure to the prosecuting officer and advice of counsel thereon.

The order of the municipal judge binding Elmer over for trial is *prima facie* evidence only of probable cause. The motion of the district attorney to dismiss for insufficient evidence, and the order of the court based thereon dismissing the proceeding, is likewise *prima facie* evidence of lack of probable cause. *Messman v. Ihlenfeldt* (1895), 89 Wis. 585, 591, 62 N. W. 522.

It was stated in *Lechner v. Ebenreiter* (1940), 235 Wis. 244, 252, 292 N. W. 913:

"The discharge by an examining magistrate, or a *nolle prosequi* by the district attorney, except under circumstances as above stated [relating to compromises], is a sufficient termination of the action to support an action for malicious prosecution."

The record in this case discloses that different inferences may be drawn from the evidence as to the termination of the proceedings and as to probable cause, and the matter should be determined by a jury. *Lechner v. Ebenreiter, supra.* It was erroneous for the trial court to direct judgment upon a motion for summary judgment.

Plaintiff contends that the trial court was in error in entering and granting defendant's motion for summary judgment when defendant was in default for failure to answer. Defendant asserts that the motion for summary judgment presents the defenses as effectively as would the formal answer. In view of the above decision, it is unnecessary for us to pass on this question.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings in accordance with this opinion.