ELMER, Appellant, vs. CHICAGO & NORTH WESTERN RAILWAY COMPANY, Respondent.

*January 8—February 5, 1952.*

For the appellant there was a brief by *Fisher & Fisher* of Janesville, and oral argument by *Cleland P. Fisher*.

For the respondent there was a brief by *Edward H. Borgelt* and *Richard S. Gibbs,* both of Milwaukee, and *John C. Wickhem* of Janesville, and oral argument by *Mr. Gibbs.*

FAIRCHILD, J.   Upon the trial of this action, after the introduction of the evidence summarized above, defendant moved for a directed verdict. This motion was granted by the trial court, and judgment of dismissal was entered.

The immediate issue to be considered here is such that it becomes unnecessary to discuss in detail the evidence relating to the guilt or innocence of the plaintiff. The question is one of the existence of "probable cause." Did the defendant's agent have knowledge of such a state of facts and circumstances as to excite the belief in the reasonable mind acting on such facts and circumstances that the plaintiff is guilty of the crime of which he is suspected? Probable cause,

which constitutes a defense to an action for malicious prosecution, depends upon what the prosecuting party knew or ought to have known at the time of instituting the criminal proceeding. As set forth in the statement of facts, it appeared that the district attorney upon sufficient evidence advised the issuing of the complaint, and because of that evidence he informed the railway detective that it was a case where the warrant should issue. The record shows that the detective made a full and complete statement of the facts within his knowledge concerning the whole affair to the district attorney before he signed the criminal complaint. It follows that the proceeding, as far as the defendant is concerned, was based upon probable cause as a matter of law.

"The term 'full and fair statement of all the facts' does not mean all the facts discoverable, but all the facts within the knowledge of the person making the statement. If he knows facts enough, either personally or by credible information, which, when fairly and fully stated to reputable counsel for the purpose of obtaining legal guidance, results in advice which is honestly followed in commencing the criminal proceedings, that is sufficient. That was distinctly recognized in the most recent decision of this court on the subject, *Brinsley v. Schulz*, 124 Wis. 426, 102 N. W. 918. There it was said: 'One of the most efficient ways of negativing a *prima facie* showing in that regard and establishing affirmatively probable cause is to prove that the prosecution was commenced under the advice of counsel, . . . after a full statement to him of all the facts known to the defendant. It makes no difference in such a case whether the facts supposed to exist do so or not; if there is an honest belief in such existence and the supposed facts are fully and fairly stated to counsel to obtain proper guidance in the matter, and upon his advice as to the sufficiency of the same the prosecution is in good faith commenced, that is enough.

Such circumstances when fully established show, as a matter of law, absence of malice and presence of probable cause, precluding any liability for malicious prosecution.' " *King v. Apple River Power Co.* 131 Wis. 575, 581, 111 N. W. 668; *Topolewski v. Plankinton Packing Co.* 143 Wis. 52, 126 N. W. 554; *Smith v. Federal Rubber Co.* 170 Wis. 497, 175 N. W. 808.

The trial court was properly convinced that the record in the case clearly established that Schleicher made a full and fair statement of all the facts or information within his knowledge to the district attorney, that he believed that the plaintiff was guilty, and that he was advised by the district attorney that the facts constituted good legal ground for commencing criminal prosecution against the plaintiff, and that he in good faith followed such advice. Some of the argument by the plaintiff is based upon the subsequent dismissal of the case and an impression that the evidence offered by the plaintiff created a jury issue. However, malice is lacking, and probable cause existed. There is no reason advanced for the claim of any actual or implied malice on the part of the defendant actuating its prosecution of the plaintiff, and the plaintiff's admitted effort to compromise the matter by paying a large sum to "take care of the matter" sufficiently answers that contention by the plaintiff. *Collins v. State,* 115 Wis. 596, 92 N. W. 266.

We are of the opinion that the trial court properly ruled that the defense of advice of counsel after a full and fair statement of all the facts within the knowledge of the person making the complaint was established as a matter of law. Upon this state of the case it was proper to direct a verdict.

*By the Court.*—Judgment affirmed.