TARANTINO, Respondent, v. GRIEBEL, Appellant.

*December 1, 1959—January 5, 1960.*

For the appellant there was a brief by *Houghton, Bullinger, Nehs & Houghton* and *Ray T. McCann,* and oral argument by *William R. Gold* and *Kenneth F. Hostak,* all of Milwaukee.

For the respondent there was a brief by *Curley & Sheedy,* attorneys, and *William P. McGovern* and *Michael J. Barron* of counsel, all of Milwaukee, and oral argument by *Robert M. Curley.*

HALLOWS, J.   The issue raised by this appeal is whether a conviction which is superseded by an acquittal on appeal after a trial *de novo* is conclusive of the existence of probable cause in a subsequent action for malicious prosecution.

To be successful in an action for malicious prosecution the plaintiff must allege and has the burden of proving that the defendant had no probable cause for instituting the proceedings against him. Lack of probable cause is only one of the essential elements to such cause of action. *Elmer v. Chicago & N. W. R. Co.* (1950), 257 Wis. 228, 43 N. W. (2d) 244; *Gladfelter v. Doemel* (1958), 2 Wis. (2d) 635, 87 N. W. (2d) 490. The essential facts on this appeal are without dispute and therefore the question of probable cause is a question of law to be decided by the court if the conviction of the respondent in the district court is conclusive proof of probable cause on the part of the appellant.

The respondent argues that a conviction reversed on appeal, whether heard on the record or as a trial *de novo,* should at the most be *prima facie* evidence of probable cause and in this case the conviction should be given no effect because of the nature of the trial in the district court.

The question of the effect of a conviction on the issue of probable cause was first decided by this court in *Topolewski v. Plankinton Packing Co.* (1910), 143 Wis. 52, 126 N. W. 554. There it was held that a judgment of conviction not obtained by fraud of the complainant, though reversed for error, was conclusive proof of probable cause for the commencement of the criminal prosecution, and that effect of such judgment could not be impaired by retrying in the malicious-prosecution action the issues of fact raised or proper to have been raised or litigated in the former trial. In that case the conviction in the district court of Milwaukee county was reversed on a question of law. The appeal did not involve a trial *de novo*. However, this court in the *Topolewski Case, supra,* used broad language and did not confine its opinion to the nature of the trial in the lower court or to the nature of the appeal or to the reason for the reversal. It based its decision on the ground of sound public policy and fairness to litigants, stating (p. 62) : "The idea is that the administration of the criminal law should not be embarrassed by such dangers to informers as will efficiently deter them from making known to professional legal advisers such information as they may have respecting probability of crime having been committed and the guilty parties; that so long as they act honestly they should have complete immunity from consequences."

In adopting this view the court relied upon *Crescent City L. S. Co. v. Butchers' Union S. H. Co.* (1887), 120 U. S. 141, 7 Sup. Ct. 472, 481, 30 L. Ed. 614, wherein the supreme court of the United States stated (p. 159) : "The rule is founded on deeper grounds of public policy in vindication of the dignity and authority of judicial tribunals constituted for the purpose of administering justice according to law, and in order that their judgments and decrees may be invested with that force and sanctity which shall be a shield

and protection to all parties and persons in privity with them."

The *Topolewski Case, supra,* was followed by this court in *Bayliss v. Clayton* (1932), 207 Wis. 313, 241 N. W. 329. In that case the plaintiff in the malicious-prosecution action had pleaded not guilty in the district court of Milwaukee county, but was convicted. It does not appear in the report that he had a jury trial or that he was represented by counsel. The conviction was appealed to the municipal court of Milwaukee county, transferred on a change of venue to the circuit court, and heard, as here, *de novo* before a jury. The plaintiff was acquitted. In the subsequent malicious-prosecution case the jury found for the plaintiff but the verdict was set aside by the trial court, and a new trial was granted in the interest of justice. On appeal this court applied the doctrine of the *Topolewski Case, supra,* and again stated that a judgment in a criminal prosecution obtained without collateral fraud, though subsequently reversed, is conclusive evidence of probable cause for the prosecution. More recently this rule was applied in *Oosterwyk v. Bucholtz* (1947), 250 Wis. 521, 27 N. W. (2d) 361, when this court affirmed the trial court in granting summary judgment dismissing a complaint treated as one for malicious prosecution because the conviction, although subsequently set aside, established probable cause as a matter of law.

The rule in Wisconsin has been adopted by the majority of jurisdictions considering this question. 34 Am. Jur., Malicious Prosecution, p. 737, sec. 55. The rule stated in Restatement, 3 Torts, p. 421, sec. 667 (1), follows: "The conviction of the accused by a magistrate or trial court although reversed by an appellate tribunal, conclusively establishes the existence of probable cause, unless the conviction was obtained by fraud, perjury, or other corrupt means."

The respondent argues there is a distinction between the *Topolewski Case, supra,* and the facts in the instant case,

especially where the original conviction was had in a police court, and cites *Hanser v. Bieber* (1917), 271 Mo. 326, 197 S. W. 68; *Nelson v. International Harvester Co.* (1912), 117 Minn. 298, 135 N. W. 808; *Olson v. Neal* (1884), 63 Iowa 214, 18 N. W. 863; *Randol v. Kline's, Inc.* (1929), 322 Mo. 746, 18 S. W. (2d) 500; *Skeffington v. Eylward* (1906), 97 Minn. 244, 105 N. W. 638. These cases represented the minority rule and are in conflict with the *Bayliss Case, supra*. The district court of Milwaukee county is a court of record and the rule applies to such courts. Whether the reasons for the rule or other reasons would exclude its application to a conviction in a justice of the peace court is not before us for decision and we do not now decide the question.

The pleadings did not allege collateral fraud so as to destroy the effect of the conviction on the question of probable cause. It is true the judgment in the district court of Milwaukee county has no effect so far as the conviction of the respondent is concerned, but the reversal of the conviction on appeal or the superseding of that conviction by an acquittal after a trial *de novo* does not destroy the fact, for the purpose of determining probable cause, that there was a conviction in the district court. In order to destroy the effect of the conviction on the issue of probable cause, the plaintiff must plead and prove in a malicious-prosecution action that the conviction was obtained by collateral fraud of the defendant.

The matters set forth in the affidavit of the respondent which collaterally attack the conviction do not amount to collateral fraud. Unless the matters relied on to attack the conviction collaterally amount to fraud and also are attributed to the complainant in the criminal action, they do not come within the exception of the rule. Here the appellant had no part in the matters relied upon by the respondent.

Under the court rules of the district court the respondent waived the jury trial by not demanding it. Ch. 218, Laws of 1899, as amended, 44 W. S. A., p. 129, secs. 199–10. The appellant did not prevent the respondent from calling witnesses and she was not responsible for his alleged dazed condition or lack of understanding.

The gist of the respondent's argument is that if he had had a jury trial and counsel in the district court, he would have been acquitted as he was on his trial on appeal. This does not necessarily follow. Even if the respondent had been acquitted in the district court, such acquittal would have only been *prima facie* evidence of want of probable cause under the rule of *Bigelow v. Sickles* (1891), 80 Wis. 98, 49 N. W. 106. See *Novick v. Becker* (1958), 4 Wis. (2d) 432, 90 N. W. (2d) 620. If the respondent had been committed, bound over, or held for further proceedings instead of convicted, such order committing, binding over, or holding the respondent would have been only *prima facie* evidence of probable cause for the institution of the prosecution. *Elmer v. Chicago & N. W. R. Co., supra.* See Anno. 68 A. L. R (2d) 1168, Malicious Prosecution—Probable Cause.

The question here is not whether the respondent was guilty or not guilty of disorderly conduct, but whether the appellant had probable cause in instituting the charges against the respondent for disorderly conduct. The conviction of the respondent is evidence of the probable cause which existed at the time the appellant made the charges. This view is expressed in the rule of law based on public policy that a conviction although reversed on appeal, whether on the record or by a trial *de novo,* is nevertheless conclusive evidence of probable cause in the malicious-prosecution action unless such conviction was obtained through the collateral fraud of the defendant. We conclude the trial court

was in error in its view that the acquittal on appeal destroyed the conclusive effect of the conviction on the issue of probable cause and its order should be reversed.

*By the Court.*—The order appealed from is reversed, with directions to enter an order dismissing the complaint.

MARTIN, C. J., took no part.