**Walter M. BLOCK, Plaintiff-Appellant,**

v.

**Daniel BETTEN, Defendant-Appellee.**

**No. 14079.**

United States Court of Appeals
Seventh Circuit.

Oct. 9, 1963.

Robert D. Jesmer, Milton Gerwin, Chicago, Ill., for appellant.

Joseph P. Holman, Raymond E. Evrard, Green Bay, Wis., for appellee.

Before DUFFY, KILEY and SWYGERT, Circuit Judges.

DUFFY, Circuit Judge.

This is a suit for malicious prosecution against the defendant who was plaintiff's former father-in-law. The complaint charged that on December 19, 1956, defendant appeared before the District Attorney of Brown County, Wisconsin; filed a complaint charging plaintiff with disorderly conduct after which the District Attorney issued a warrant. Plaintiff was arrested. In a trial held nearly six months later in a municipal court for Brown County, Wisconsin, plaintiff was acquitted of the charge.

We have before us an appeal from an order of the District Court, the Honorable Omer Poos presiding, dismissing the complaint with prejudice on defendant's motion for a summary judgment.

Plaintiff was divorced from Ruth Betten Block on March 20, 1956, in Dallas, Texas. The record shows Mrs. Block was given the custody of the children with visitation rights of one week end each month given to the plaintiff herein. Subsequently, Mrs. Block and the children moved to Green Bay, her former home, and where her parents, Mr. and Mrs. Daniel Betten, resided.

An agreement was made in August 1956, whereby plaintiff was to give Mrs. Block forty-eight hours notice of his desire for visitation for a weekend which would commence on Friday at 4:30 p. m. Meanwhile, the plaintiff apparently had established a residence at Kenosha, Wisconsin.

On December 18, 1956, a Tuesday and not a regular visitation day, plaintiff called unannounced at the school where the children were attending. Mrs. Block, at that time, was a patient in the Bellin Memorial Hospital at Green Bay. The children were being cared for by Mr. and Mrs. Daniel Betten, her parents.

Mrs. Block testified plaintiff called at the hospital and told her he was going to take the children. Plaintiff denies that he called, but admitted the children called Mrs. Block in his presence. Therefore, upon this motion, we may assume that a telephone call was received by Mrs. Block while she was at the hospital which gave her information as to plaintiff's announced intention. Mrs. Block then notified her parents. Defendant Daniel Betten drove to the school where he met and had an argument with plaintiff. Later that day, plaintiff did go to the hospital and to the door of the room occupied by Mrs. Block.

Because of the conduct of plaintiff at the school and at the hospital, defendant Betten related the incidents to the District Attorney of Brown County. The latter made an independent investigation. He then asked defendant Betten to sign a complaint after which he issued the warrant which led to the arrest of plaintiff.

It is well established that in a suit for malicious prosecution the two important elements are 1) want of probable cause, and 2) without advice of counsel. In the instant case, the facts relied upon to establish probable cause are either admitted or undisputed. A pertinent Wisconsin decision (Tarantino v. Griebel, 9 Wis.2d 37, page 43, 100 N.W.2d 350, page 353, 86 A.L.R.2d 1084) stated: "The question here is not whether the respondent was guilty or not guilty of disorderly conduct, but whether the appellant had probable cause in instituting the charges against the respondent for disorderly conduct."

Another Wisconsin decision applicable to the instant case is DeVries v. Dye, 222 Wis. 501, 505, 269 N.W. 270, 272, where the Court stated: "A careful reading of the testimony adduced reveals that there is no dispute as to the facts having a bearing upon the question of probable cause. So, under the established law, it was for the court to determine whether the defendant acted with or without probable cause."

In the instant case, the District Court found and concluded "Upon the entire record herein, and construing all things appearing in said record most favorably to plaintiff, it appears to the Court that the defendant, at the time he signed the Complaint, acted upon the advice of the District Attorney, and had probable cause to believe that the plaintiff had committed the criminal offense with which he was charged in the proceedings held in the Municipal Court of Brown County, Wisconsin, * * * out of which case this claim for damages for malicious prosecution is derived. * * * "

We hold there were sufficient facts in this record not in dispute to prove the existence of probable cause, and that defendant was acting in good faith upon the advice of counsel.

Therefore, the judgment of the District Court is

Affirmed.