SCHAEFER, Appellant, v. HAYES, Respondent.

*February 28—April 12, 1966.*

For the appellant there were briefs by *Baumblatt & Goodman* of Racine, and oral argument by *Robert P. Goodman.*

For the respondent there was a brief by *Roberts, Boardman, Suhr & Curry,* and oral argument by *Henry A. Field, Jr.,* all of Madison.

GORDON, J. In *Tarantino v. Griebel* (1960), 9 Wis. (2d) 37, 42, 100 N. W. (2d) 350, we reserved for subsequent determination the question whether a conviction by a justice of the peace constitutes conclusive proof of probable cause so as to preclude a malicious prosecution action. Cf. *Topolewski v. Plankinton Packing Co.* (1910), 143 Wis. 52, 64, 126 N. W. 554. The absence of probable cause is an essential element in an action for malicious prosecution. *Elmer v. Chicago & N. W. R. Co.* (1950), 257 Wis. 228, 231, 43 N. W. (2d) 244. Four members of this court are of the opinion that at least in those instances in which the justice of the peace is a lawyer, the latter's finding of guilty is the equivalent of such a finding of probable cause. Whether a finding of guilty by a justice of the peace who is not a lawyer, or a finding of probable cause by such justice upon a preliminary examination, is such equivalent need not be decided in this case.

The majority of the court is persuaded that the granting of conclusive weight to a conviction entered by a justice of the peace who is an attorney is analogous to the protection afforded a defendant in a malicious prosecution action when he is able to prove that he fairly presented all the facts to counsel and acted upon his advice. *Gladfelter v. Doemel* (1958), 2 Wis. (2d) 635, 640, 641, 87 N. W. (2d) 490; *Elmer v. Chicago & N. W. R. Co.* (1952), 260 Wis. 567, 571, 51 N. W. (2d) 707; *Smith v. Federal Rubber Co.* (1920), 170 Wis. 497, 500, 175 N. W. 808. Cf. *Mawhinney v. Morrissey* (1932), 208 Wis. 333, 338, 242 N. W. 326.

In *Sutton v. McConnell* (1879), 46 Wis. 269, 278, 50 N. W. 414, this court quoted the following from Judge Cooley's treatise on the law of torts in stating the reason for the rule which protects one who relies on his attorney's advice:

" 'It may perhaps turn out that the complainant, instead of relying upon his own judgment, has taken the

advice of counsel learned in the law, and acted upon that. This should be safer and more reliable than his own judgment, not only because it is the advice of one who can view the facts calmly and dispassionately, but because he is capable of judging of the facts in their legal bearings. A prudent man is therefore expected to take such advice; and when he does so, and places all the facts before his counsel, and acts upon his opinion, proof of the fact makes out a case of probable cause, provided the disclosure appears to have been full and fair, and not to have withheld any of the material facts. But the advice must be that of a person accepted and licensed by the courts as one learned in the law and competent to be adviser to clients and the court; and if one chooses to accept and rely upon the opinion and advice of a justice of the peace or other layman, he may do so in aid of his own judgment, but it cannot afford him any protection.' "

Support for the respondent's sweeping contention that a conviction by any justice of the peace is conclusive on the problem of probable cause is found in sec. 954.01 (1), Stats., which provides that a justice of the peace is a "magistrate" with reference to the issuance of process for the arrest of persons accused of crime. If sec. 954.01 (1) were to be dogmatically followed, it might arguably result in our extending the *Tarantino* rule to all justices of the peace. However, it is the determination of the majority that the conclusiveness rule shall apply only to justices of the peace who are in fact members of the bar. This distinction is deemed an advisable one to make even though a more panoramic rule is suggested in Restatement, 3 Torts, p. 421, sec. 667 (1), which provides:

"The conviction of the accused by a magistrate or trial court although reversed by an appellate tribunal, conclusively establishes the existence of probable cause, unless the conviction was obtained by fraud, perjury or other corrupt means."

Three members of the court, including the writer of this opinion, would not extend the *Tarantino Case* and would reverse the judgment of the learned trial court.

The minority regards the justice of the peace as a twentieth century anachronism and deems it poor public policy to extend the powers or prerogatives of a justice of the peace by making *any* of his findings conclusive.

The minority notes that the office of justice of the peace has been abolished in at least nine states and is in the process of being terminated in several others. See Vanlandingham, The Decline of the Justice of the Peace, 12 Kansas Law Review (1964), 389. Although the number of justices of the peace has sharply declined in Wisconsin, they still number over 200, and many are not attorneys-at-law. In the 1961 biennial report of the Wisconsin judicial council (at page 19), it was reported that only about 10 percent of the justices of the peace were lawyers. As a result of a referendum held in Wisconsin this month, the office of justice of the peace will be eliminated from the Wisconsin constitution.

*By the Court.*—Judgment affirmed.