Joyce KRIEG and Dickey Krieg, Plaintiffs-Appellants-Petitioners,

v.

DAYTON-HUDSON CORPORATION, a Minnesota Corporation, Defendants-Respondents.

Supreme Court

*No. 80–998.  Argued October 5, 1981.—Decided November 3, 1981.*

(Also reported in 311 N.W.2d 641.)

For the petitioners there was a brief and oral argument by *Carlton Roffa* of Milwaukee.

For the defendant-respondent there was a brief by *Michael J. Cieslewicz* and *Kasdorf, Dall, Lewis & Swietlik, S.C.,* of Milwaukee, and oral argument by *Mr. Cieslewicz.*

WILLIAM G. CALLOW, J.  This is a review of a decision of the court of appeals affirming a summary judgment granted on the motion of Dayton-Hudson Corporation dismissing the Kriegs' claims for malicious prosecution.  Summary judgment was entered by Milwaukee county circuit court, Judge Leander J. Foley, Jr., on April 18, 1980.

This controversy stems from the August 9, 1976, arrest of Joyce Krieg (Krieg), the restaurant manager of a

Target Store, a division of the Dayton-Hudson Corporation. The complaint alleged that Krieg had been observed, by store security personnel using a surveillance camera, taking a $20 bill from a cash register in her department. Krieg was tried and convicted of theft on September 15, 1976, in the Wauwatosa municipal court, attorney John A. Pfannerstill presiding. A municipal court is not a court of record, although its judgments are final if not appealed.[1] On appeal, Krieg's conviction was overturned in a trial de novo in Milwaukee county circuit court on February 7, 1977.

Two years following the trial, Krieg, joined by her husband, commenced the present malicious prosecution action against the Dayton-Hudson Corporation. Petitioners alleged in their complaint that collateral fraud had resulted in Krieg's theft conviction at the municipal court.[2] Respondent moved for summary judgment, as-

---

[1] Sec. 254.01, Stats. 1975 (precursor of sec. 755.01, Stats. 1979–80):

"254.01 **Option of municipality.** (1) There is created and established in and for each city, town and village, a municipal court designated "Municipal Court for the . . . (city, town or village) of . . . (name of municipality)". This court shall become operative and function when the city council, town board or village board adopts an ordinance or bylaw providing for the election of a justice and the operation and maintenance of the court. Any municipal court established pursuant to this section is not a court of record. The court shall be maintained at the expense of the municipality. In cities of the 1st class more than one justice may be provided for. If any city which has established a municipal court consolidates with or has previously consolidated with another municipality which also had created such a court, that city may provide for the election of 2 municipal justices."

In 1976 the presiding official was statutorily defined as municipal justice. In 1977 this designation was changed to municipal judge.

[2] The paragraph of petitioners' complaint alleging collateral fraud reads as follows:

"6. That on September 15, 1976 in a prosecution of this Plaintiff by the City of Wauwatosa, and occassion [sic] as hereintofore

serting that the municipal court conviction was conclusive evidence of probable cause in a subsequent malicious prosecution action. Petitioners' attorney filed his affidavit in opposition to the motion, alleging that the witnesses involved in the case had "changed their testimony."[3] The trial court granted respondent's motion for summary judgment, and the court of appeals affirmed, holding that the municipal court conviction was conclusive evidence of probable cause, thereby barring the malicious prosecution action. Both of the lower courts held that the affidavit of petitioners' attorney did not properly raise the issue of collateral fraud needed to overcome the conclusiveness of probable cause because it failed to meet the statutory requirement that affidavits in opposition to motions for summary judgment be based

set forth, and, further, as a result of the collateral fraud of certain of the Defendant's agents, servants and employees, all acting within the scope of their authority, the Plaintiff, Joyce Krieg, was found guilty of theft of a twenty dollar bill from the Defendant's cash register by the City of Wauwatosa Municipal Justice Court as a forfeiture and costs of $128.50 were assessed against her and, in default thereof, said Plaintiff was ordered committed to the House of Correction in and for Milwaukee County until said forfeiture and costs were paid and that such imprisonment was not to exceed thirty days."

[3] Because the sufficiency of this affidavit is at issue, we set it out in full below:

"The plaintiffs, by their attorney, Carlton Roffa, in opposition to the defendant's Motion for Summary Judgment, deposes and states on oath as follows:

"1. That affiant is the attorney for the plaintiffs and is duly authorized to execute this Affidavit on their behalf and he has personal knowledge of the relevant facts.

"2. That although the plaintiff, Joyce Krieg, was found guilty in the Wauwatosa Municipal Court of the subject theft, paragraph 6 of the Complaint alleges that said conviction was obtained as a result of the collateral fraud of certain of the defendant's agents, servants and employees, all acting within the scope of their authority.

on personal knowledge.[4] We agree and affirm the judgment.

The issue raised on this appeal is whether a conviction in a court not of record but presided over by a judge who is an attorney, even though subsequently reversed on appeal, is nevertheless conclusive evidence of probable cause in a subsequent action for malicious prosecution. We note that this specific question regarding the effect of a conviction was left unanswered, apparently for this day, twenty years ago in *Tarantino v. Griebel*, 9 Wis. 2d 37, 42, 100 N.W.2d 350 (1960). In *Tarantino* this court held that a conviction in a *court of record*, even though subsequently reversed on appeal, was conclusive to establish the existence of probable cause.[5]

"3. That, had it not been for said collateral fraud, the plaintiff, Joyce Kreig [sic] could not have been convicted of the subject theft in that at said Wauwatosa Court, certain of the security personell [sic] of the defendant testified that they saw the plaintiff actually steal a twenty dollar bill and thereafter, before a jury in Judge Burn's Court, they changed their testimony and indicated that they had not seen the plaintiff steal any denomination of any currency.

"4. That the above specific facts are made on the personal knowledge of the affiant and indicate that there is a genuine issue for a trial."

[4] Sec. 802.08(3), Stats.: "Supporting and opposing affidavits shall be made on personal knowledge and shall set forth such evidentiary facts as would be admissible in evidence."

[5] *Tarantino v. Griebel*, 9 Wis. 2d 37, 41–42, 100 N.W.2d 350 (1960). We note, as we did in *Tarantino*, that the question is not whether the petitioner in this matter was guilty or not guilty of theft, but whether the respondent had probable cause in instituting the charges against the petitioner. Probable cause is an objective standard, measured by the reasonably prudent person's belief in the cause of action in light of the facts known or reasonably ascertainable. *See Pollock v. Vilter Mfg. Corp.*, 23 Wis. 2d 29, 41, 126 N.W.2d 602 (1964); Note, *Liability for Proceeding with Unfounded Litigation*, 33 Vand. L. Rev. 743, 747 (1980), and cases cited therein; Note, *Groundless Litigation and the Malicious Prosecution Debate: A Historical Analysis*, 88 Yale L.J. 1218, 1234 n.

The common law tort of malicious prosecution has not been favored by the courts, and in Wisconsin we have taken a restrictive position on this tort.[6] While we want to afford a remedy to those who have been truly wronged, we must also deter frivolous or groundless litigation. In order to accomplish this, the tort of malicious prosecution is designed to place a stringent burden upon a plaintiff to meet the following elements:

" '1. There must have been a prior institution or continuation of some regular judicial proceedings against the plaintiff in this action for malicious prosecution.

" '2. Such former proceedings must have been by, or at the instance of, the defendant in this action for malicious prosecution.

" '3. The former proceedings must have terminated in favor of the defendant therein, the plaintiff in the action for malicious prosecution.

" '4. There must have been malice in instituting the former proceedings.

" '5. There must have been want of probable cause for the institution of the former proceedings.

---

113 (1979). Dean Prosser equates the probable cause standard in a malicious prosecution action with the "reasonable conduct under the [same or similar] circumstances" standard fundamental in negligence cases. W. Prosser, *Handbook of The Law of Torts*, sec. 119, at 841 (Hornbook Series 4th ed. 1971).

[6] "[T]his court has traditionally taken a restrictive rather than a liberal position with respect to actions for malicious prosecution, grounded on the institution of prior civil actions, which have terminated unfavorably to the parties who instituted them." *Jordan-Jefferson, Inc. v. Scheer*, 16 Wis. 2d 288, 293, 114 N.W.2d 408 (1962).

We note that one-third of American jurisdictions, including Wisconsin, require plaintiffs to plead and to prove special damages which has resulted in scholarly commentators concluding that malicious prosecution is an all but useless remedy. *See, e.g.,* Note, *Groundless Litigation and the Malicious Prosecution Debate: A Historical Analysis*, 88 Yale L.J. 1218, 1218 (1979). *See also: Schier v. Denny*, 9 Wis. 2d 340, 344–45, 101 N.W.2d 35 (1960); *Holmlund v. Zierke*, 266 Wis. 219, 221, 63 N.W.2d 45 (1954).

" '6. There must have been injury or damage resulting to the plaintiff from the former proceedings.' "

*Pollock v. Vilter Mfg. Corp.*, 23 Wis. 2d 29, 37, 126 N.W.2d 602 (1964) [*quoting Elmer v. Chicago & N. W. R. Co.*, 257 Wis. 228, 231, 43 N.W.2d 244 (1950)]. It is well-settled law in this state and elsewhere that lack of probable cause is an essential element of an action for malicious prosecution. *Heilgeist v. Chasser*, 98 Wis. 2d 97, 101, 295 N.W.2d 26 (Ct. App. 1980) ; *Tarantino v. Griebel*, 9 Wis. 2d at 39; *Elmer v. Chicago & N. W. R. Co.*, 257 Wis. at 232.

It is equally well-settled Wisconsin law, and the majority rule, that in the absence of collateral fraud a conviction in a court of record, even though reversed on appeal, is conclusive evidence of the existence of probable cause in a subsequent malicious prosecution action. *Tarantino v. Griebel*, 9 Wis. 2d at 42, 43; *Schaefer v. Hayes*, 30 Wis. 2d 424, 141 N.W.2d 210 (1966) ; *Topolewski v. Plankinton Packing Co.*, 143 Wis. 52, 126 N.W. 554 (1910). We note that these previous decisions are grounded on sound public policy:

" 'The idea is that the administration of the criminal law should not be embarrassed by such dangers to informers as will efficiently deter them from making known to professional legal advisers such information as they may have respecting probability of crime having been committed and the guilty parties; that so long as they act honestly they should have complete immunity from consequences,' " *Tarantino v. Griebel*, 9 Wis. 2d at 40.

*Accord, Crescent City Live Stock Co. v. Butchers' Union Slaughter-House Co.*, 120 U.S. 141 (1887). We affirm the conclusion that sound public policy and fairness to litigants require that the informant, acting in good faith, be immunized from any consequences.

The policy enunciated in the *Tarantino* case was applied in *Schaefer v. Hayes, supra*, a controversy we per-

ceive as being on point with the case before us. In *Schaefer,* the *Tarantino* holding was extended to cover convictions before a justice of the peace who was also an attorney, entitling them to the same conclusive posture regarding probable cause established in the earlier cases. *Schaefer v. Hayes,* 30 Wis. 2d at 426.

Petitioner urges this court to limit the *Tarantino* holding to courts of record. Petitioner cites the decision in *Bigelow v. Sickles,* 80 Wis. 98, 49 N.W. 106 (1891), and urges us to apply at most a prima facie standard to a conviction occurring in a court not of record. The *Bigelow* case, however, dealt with the effect of a judgment of *discharge* in the original action before a justice of the peace who upon hearing testimony concluded the complaint was without probable cause. We find the *Bigelow* case distinguishable from the instant controversy which deals with the effect of a conviction on a subsequent malicious prosecution action.

We are asked to decide in this case whether the fact that the conviction took place in a court not of record and presided over by an attorney-judge should preclude the conclusiveness rule from applying. We determine that it does not.

We are guided in reaching this conclusion by both the *Schaefer* decision as well as the Restatement (Second) of *Torts.* We note that the municipal court is clothed with many of the same attributes of the now abolished constitutional justice of the peace court. In *Schaefer* the justice of the peace was an attorney; in the instant case the municipal court justice was also an attorney. A presiding judge who is an attorney is knowledgeable of the Rules of Evidence. A finding of guilt would logically evidence probable cause for the institution of the proceedings. We quote the words of the court in *Bigelow v. Sickles:* "The law presumes the justice both capable and honest, and his judgment . . . is as conclusive as that of

any other court within his jurisdiction." 80 Wis. at 106. (Case dealing with the effect of the discharge of the plaintiff before a justice of the peace.) As the United States Supreme Court long ago stated:

"[T]he judgment . . . of a court having jurisdiction of the parties and of the subject-matter, in favor of the plaintiff, is sufficient evidence of probable cause for its institution, although subsequently reversed by an appellate tribunal . . . It is an invincible presumption of the law that the judicial tribunal, acting within its jurisdiction, has acted impartially and honestly . . . . [I]ts judgments cannot be impugned except by direct process from superior authority. The integrity and value of the judicial system, as an institution for the administration of public and private justice, rests largely upon this wholesome principle." *Crescent City Live Stock Co. v. Butchers' Union Slaughter-House Co.,* 120 U.S. at 159–60.

We find the qualifications of the presiding judge controlling on the issue before us, and the fact that the court was not one of record does not change our conclusion in this matter. While a record gives the reviewing authority the opportunity to evaluate the evidence upon which the determination was made, we find that an authoritative judicial determination by a competent court invested with the power and sanctity to judge is the indispensable element.

We hold that a finding of guilt by a properly empowered tribunal where the presiding person is an attorney conclusively establishes probable cause whether or not the court was of record. We note support for our conclusion in the Restatement (Second) of *Torts,* sec. 667 comment (*a*) on subsection (1) (1977), which states that a conviction conclusively establishes probable cause "not only when the accused has been convicted by a court consisting of a judge and jury or by a judge sitting as

the trier of fact as well as of law, but also when the conviction is by a magistrate in a case in which he has summary jurisdiction." Furthermore, we find that the weight of such a conviction is at least as great as a complainant's reliance upon advice of counsel, which in the proper case constitutes probable cause, despite the plaintiff's subsequent acquittal. See *Neumann v. Industrial Sound Engineering, Inc.,* 31 Wis. 2d 471, 477, 143 N.W.2d 543 (1966); *Topolewski v. Plankinton Packing Co.,* 143 Wis. at 60, 62; Restatement (Second) of *Torts,* sec. 675 (b) (1977). Here the respondent did not have to rely upon the advice of counsel rule for protection because it had a judicial determination of the petitioner's guilt rendered by a properly empowered tribunal. *Crescent City Live Stock Co. v. Butchers' Union Slaughter-House Co.,* 120 U.S. at 154.

It is unnecessary for us to decide whether a presiding judge who is not an attorney could be sufficiently qualified to change the result, and accordingly we leave that question for another day.

We note that collateral fraud will destroy the effect of a conviction on the question of probable cause. *Topolewski v. Plankinton Packing Co.,* 143 Wis. at 64–65. This would undo the res judicata effect of a conviction on a subsequent malicious prosecution action, for if a plaintiff can properly plead and prove the existence of collateral fraud, the action will lie. We turn then to the second issue before us: whether petitioners have properly alleged collateral fraud in order to preclude summary judgment. We determine they have not.

Petitioners in their complaint before the court alleged that "as a result of the collateral fraud . . . the Plaintiff, Joyce Krieg, was found guilty of theft . . . ."[7] We are aware that Wisconsin has done away with "ultimate

[7] *See* n. 2 *supra.*

fact" pleading and that "pleadings shall be so construed as to do substantial justice." Sec. 802.02(6), Stats. However, our review of the Judicial Council Committee's Note, 1974, reveals an intention to require that the complaint still must contain a statement of the general factual circumstances in support of the claim presented. The circumstances of the collateral fraud are not alleged.

Petitioners supplemented their complaint, following respondent's motion for summary judgment, with the affidavit of their attorney.[8] We note that petitioners' attorney did not represent Krieg at the municipal court hearing when she was convicted of theft. Petitioners' attorney states he is relying upon information supplied to him by his clients in concluding that the witnesses "changed their testimony" regarding the theft at the trial de novo before the circuit court. We agree with the court of appeals in its per curiam decision that "[a]ffidavits which contain allegations of ultimate facts, conclusions of law or anything other than evidentiary facts do not meet the statutory requirement that affidavits in [opposition to] summary judgment must be on personal knowledge." Sec. 802.08(3), Stats.; *Hopper v. Madison,* 79 Wis. 2d 120, 130, 256 N.W.2d 139 (1977); *Kroske v. Anaconda American Brass Co.,* 70 Wis. 2d 632, 641–42, 235 N.W.2d 283 (1975). As we have recently stated: "An affidavit by an attorney stating a conclusion of law is not an evidentiary fact as required by the summary judgment statute." *Ruchti v. Monroe,* 83 Wis. 2d 551, 558, 266 N.W.2d 309 (1978). *Accord, Duncan v. Steeper,* 17 Wis. 2d 226, 116 N.W.2d 154 (1962). Even viewing liberally the complaint and affidavit of petitioners' attorney, we cannot conclude that the statutory prerequisites have been met.

---

[8] *See* n. 3 *supra.*

We hold that Krieg's conviction in a court not of record but presided over by a municipal judge who was an attorney constitutes conclusive evidence of probable cause. We further hold that petitioners have not satisfied the statutory requirements in properly raising an issue of collateral fraud necessary to destroy this presumption. Accordingly, we hold that summary judgment was properly granted and that the decision of the court of appeals should be affirmed.

*By the Court.*—The decision of the court of appeals is affirmed.