OPINION
{¶ 1} Teresa L. Carman and her husband, David W. Carman, Sr., plaintiffs, are appealing from the decision of the Montgomery County Court of Common Pleas dismissing their complaint against the University of Dayton and its employee, Mark Ensalaco, charging these defendants with malicious prosecution. The trial court dismissed the complaint with prejudice as a sanction for discovery violations by the plaintiffs. We affirm, but on a different ground.
 {¶ 2} The genesis of this action began when the defendants-appellees herein instituted an action for criminal trespass against Teresa Carman. The charge was that she had been stalking Mr. Ensalaco for a period of time and was, therefore, ordered not to enter the grounds of the University of Dayton. She was convicted of the charge by a jury in the Dayton Municipal Court. We reversed on appeal because the statement of facts before us pursuant to App.R. 9(C), (the transcript and all exhibits were agreed by the parties to have been lost), did not reasonably prove that she recklessly entered the grounds of the University of Dayton without privilege.
 {¶ 3} The complaint in the current action was initially attacked by a motion to dismiss pursuant to Civ.R. 12(B)(6) on the grounds that on its face the complaint did not state a cause of action. (Docket 12). The reason set forth by the defendants to the court was that the complaint admitted that Teresa Carman had been convicted and, therefore, as a matter of law, the conviction conclusively established that there was "probable cause" for the criminal trespass prosecution even when the conviction is later reversed on appeal, citing Restatement of the Law 2d, Torts, Section 667(1). In their brief to the motion, the appellees cited that subsection and several cases which have enforced the rule including, in particular, the United States Sixth Circuit Court of Appeals in Dunn v. Tennessee (1986), 798 F.2d 469. The plaintiffs responded arguing, in part, that our decision on appeal stated that there were no reasonable grounds for conviction. (Docket 13). In their reply to this response, the defendants-appellees correctly pointed out that our decision was referring to the conviction, and not to the issue of whether there was probable cause to initiate the criminal trespass prosecution. Indeed, courts have recognized that the question is not whether Carman was guilty or not guilty of criminal trespass but whether the accusers had probable cause to initiate the action against her. See Tarantino v.Griebel (1960), 9 Wis.2d 37, 100 N.W.2d 350, 86 ALR 2d 1084. See, also, the annotation on this subject at 86 ALR 2d 1090.
 {¶ 4} The trial court overruled the motion on the ground, inter alia, that the prosecution for criminal trespass was terminated in Carman's favor. However, the trial court did not recognize that the termination in this case was the result of an appeal from a conviction by a jury, which as a matter of law by itself, recognizes that probable cause existed on the part of the accusers to bring the charge of criminal trespass against Carman.
 {¶ 5} We find no need to address the issue of discovery violations by the appellants herein as the complaint for malicious prosecution should have been dismissed on the grounds we have stated. The judgment of dismissal is, therefore, affirmed, albeit for reasons not cited by the trial court.
FAIN, P.J. and WOLFF, J., concur.