Andres GARCIA

v.

UNITED STATES of America, et al.

Civ. A. No. H–81–1840.

United States District Court,
S. D. Texas,
Houston Division.

May 3, 1982.

Theo W. Pinson, Paschetag, Old & Pinson, Houston, Tex., for plaintiff.

Anna Stool, Asst. U. S. Atty., Houston, Tex., for the U. S.

## MEMORANDUM AND ORDER

SINGLETON, Chief Judge.

By this action, the plaintiff seeks actual damages in the amount of twenty thousand dollars ($20,000.00) and punitive damages in the amount of fifty thousand dollars ($50,-000.00) from the United States and the individual defendants, in both their individual and official capacities, pursuant to 28 U.S.C. §§ 1331(a), 1343(3), 1343(4), 1346(a)(2), and 1346(b), and injunctive and declaratory relief, pursuant to 28 U.S.C. §§ 2201 and 2202, as a result of violation of plaintiff's constitutional rights. The plaintiff alleges that the defendants conducted and/or sanctioned illegal searches and seizures of the plaintiff and his property; deprived the plaintiff of his right to silence and his right to effective assistance of counsel; and deprived the plaintiff of his liberty and property without due process of law. The plaintiff contends that these actions took place between July 1979, when he was first subpoenaed to appear before a grand jury in Washington, D. C., which is investigating payments to foreign officials in Mexico, until the present. On October 26, 1981, this court granted the plaintiff's preliminary injunction, enjoining the defendants from interrogating plaintiff without the presence of his attorney concerning the subject matter of the Washington, D. C., grand jury.

This matter is now before the court on defendants' motion to dismiss, or in the alternative, for summary judgment. In their motion, defendants contend that this court should dismiss the complaint and action against the United States and as to defendants Archey, Kelly, Conrad, and Wilson, in their official capacities, because this court lacks subject matter jurisdiction and because the complaint fails to state a claim upon which relief can be granted. Defendants' alternative request for a summary judgment is based on their contention that the pleadings, taken together with the affidavit of David P. Lindsey, Regional Counsel for Customs in Houston, Texas, show that there is no genuine issue as to any material fact and that the defendants in their official capacities and the United States are entitled to judgment as a matter of law.

### 1. Lack of Subject Matter Jurisdiction

With respect to their first contention of lack of subject matter jurisdiction, defendants argue that a suit seeking monetary damages against the United States and officers of the United States is a suit against the sovereign and, absent a waiver of immunity, is not maintainable because of the absence of subject matter jurisdiction. It is well settled that the United States, as a sovereign, is immune from suit unless it waives such immunity. *United States v. Sherwood,* 312 U.S. 584, 586–87, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941) section 1331, one of the jurisdictional basis upon which plaintiff brings this suit, is not a waiver of sovereign immunity. *Sheehan v. Army and Air Force Exchange Service,* 619 F.2d 1132 (5th Cir. 1980); *Beale v. Blount,* 461 F.2d 1133, 1138 (5th Cir. 1972). Therefore, plaintiff's claim against the United States for damages is barred by the doctrine of sovereign immunity.

As concerns plaintiff's claim against the federal officials, monetary damages are available against these government officials for deprivation and violation of constitutional rights. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Under a Bivens-type

action, however, damages are available against federal officials only in their individual capacity. An action for damages against federal officials in their official capacity is viewed as a suit against the federal government itself, since such a judgment would be satisfied by the public treasury, and is thus barred by the doctrine of sovereign immunity. *Brady v. Smith*, 656 F.2d 466 (9th Cir. 1981); *Johnson v. Mathews*, 539 F.2d 1111 (8th Cir. 1976). But, where the action seeks to impose liability upon a federal official in an individual capacity, the doctrine of sovereign immunity is no bar. *Davis v. Passman*, 544 F.2d 865 (5th Cir. 1979).

Therefore, to the extent that plaintiffs bring this claim for damages against the United States and the federal officials in their official capacity, the plaintiffs claim must be dismissed.

■ This holding is not changed by the fact that the plaintiffs also bring this action under 28 U.S.C. §§ 1343(3), 1343(4), 1346(a)(2), and 1346(b). Section 1343(3), the jurisdictional counterpart to 42 U.S.C. § 1983, and section 1343(4), which is somewhat broader than the previous section, *Common Cause v. Democratic Nat'l. Committee*, 333 F.Supp. 803 (D.D.C.1971), do not waive sovereign immunity and thus do not authorize an award of damages against the United States or federal officials in their official capacity. *Davis v. United States*, 439 F.2d 1118 (8th Cir. 1971); *Morpurgo v. Board of Higher Education*, 423 F.Supp. 704 (S.D.N.Y.1976). Further, in this case there is no action "under color of any *State law*, statute, ordinance, regulation, custom or usage" for purposes of section 1343(3), or any "Act of Congress" for purposes of section 1343(4), *see, e.g., Gnotta v. United States*, 415 F.2d 1271 (8th Cir. 1969), cert. denied, 397 U.S. 934, 90 S.Ct. 941, 25 L.Ed.2d 115 (1970).

■ Section 1346(a)(2) is also inapplicable to this case. This section provides the United States district courts with jurisdiction over certain claims against the United States *not exceeding* $10,000. Since plaintiff claims well over $10,000. this section does not provide the court with jurisdiction. *Graham v. Henegar*, 640 F.2d 732 (5th Cir. 1981).

■ The final section upon which plaintiff relies for jurisdiction, 28 U.S.C. §§ 1346(b), 2671–2680, does not confer jurisdiction for plaintiff's claim for damages in this case. Sections 1346(b), 2671–2680, the Tort Claims Act, allow civil actions sounding in tort to be brought against the federal government to recover money damages for injuries "caused by the negligence or wrongful act or omission of any employee of the government while acting within the scope of his office or employment". While this statute is a congressional waiver of sovereign immunity, *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979), the consent to be sued provided for by this Act is subject to the requirement of 28 U.S.C. § 2675(a) that a claim first be presented to the federal agency involved and denied by that agency in writing. This requirement is jurisdictional and cannot be waived. *Employees Welfare Committee v. Daws*, 599 F.2d 1375 (5th Cir. 1979). Here, the plaintiff has not filed the requisite administrative claim and thus cannot rely on the Federal Torts Claim Act for jurisdiction.

In conclusion, with respect to plaintiff's claim for damages, the plaintiff may sue the individual defendants for damages only in their individual capacities. The plaintiff's claim for damages against the United States and against the federal officials in their official capacity is barred by the doctrine of sovereign immunity.

■ The doctrine of sovereign immunity, however, does not bar suits for injunctive relief or declaratory relief under 28 U.S.C. §§ 2201 and 2202. A suit seeking an injunction against a federal official to enjoin the official from acting unconstitutionally is reviewable in federal court and is not barred by the doctrine of sovereign immunity. *Dugan v. Rank*, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); *Springdale Convalescent Cntr. v. Mathews*, 545 F.2d 943, 951 (5th Cir. 1977). With respect to declar-

atory relief, while neither section 2201 nor 2202 confer subject matter jurisdiction on this court, *Rowley v. McMillan*, 502 F.2d 1326 (4th Cir. 1974), they create a remedy available in actions where, as here, the federal district court already has jurisdiction to entertain suit.

### 2. *Failure to State a Claim Upon Which Relief Can be Granted*

Defendants' second allegation in their motion is that the plaintiff's complaint should be dismissed because it fails to state a claim upon which relief can be granted. "[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Here it does not appear beyond a reasonable doubt that plaintiff can prove no set of facts that would give rise to the relief requested.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss this complaint and action against the United States and as to William T. Archey, Donald F. Kelly, Mark Conrad, and Cliff Wilson in their official capacities for monetary relief be GRANTED. Plaintiffs, however, may proceed in their action for monetary damages against these individuals in their individual capacities, and in their action for injunctive and declaratory relief, plaintiffs may proceed against these defendants in their official capacities as well.