**Thomas Feng WONG, Tommy Wong— The Island Restaurant, Inc., and L. You Wang, Plaintiffs,**

v.

**Alan C. NELSON, Commissioner, Robert Godshall, District Director, Denver, Colorado, and Jack Holmes of the Immigration and Naturalization Service, Defendants.**

No. 82–K–728.

United States District Court, D. Colorado.

Oct. 28, 1982.

Joel Judd, Denver, Colo., Don M. Reckseen, Reckseen & Lau, P.C., Northglenn, Colo., for plaintiffs.

Frank O. Bowman, III, Trial Atty., U.S. Dept. of Justice, Washington, D.C., Robert N. Miller, U.S. Atty., Nancy E. Rice, Asst. U.S. Atty., Denver, Colo., for defendants.

MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This matter is before me on cross motions for summary judgment. Jurisdiction is

founded on 8 U.S.C. § 1329 and 28 U.S.C. § 2201. Plaintiffs brought this action for injunctive relief against warrantless searches of The Island Restaurant and several nearby residences owned by plaintiff Wong. Following a hearing, a preliminary injunction was entered restraining defendants, in the absence of exigent circumstances, from searching the residences and the non-public areas of the restaurant without a warrant. The question of whether to extend the preliminary order to a permanent injunction has been raised by both sides. The record of the preliminary injunction hearing and certain affidavits constitute the uncontested facts upon which summary judgment may be made.

Plaintiff Tommy Wong is a local restauranteur who owns and maintains several houses next to his restaurant as lodging incident to employment for some of his more than 60 workers. Before the instant controversy Mr. Wong and the local officials of the Immigration and Naturalization Service had a cordial relationship. The plaintiff had cooperated and had even aided in past INS investigations and arrests of illegal aliens in his employ. His helpful attitude had been reciprocated.

On March 18, 1982, six INS agents, acting on a report from their office that there were illegal aliens on the Wong premises, arrested five alien employees at the houses. The office report had not named the aliens nor stated their number or nationality. There was no warrant. Voluntary deportation for all five workers followed immediately. In the course of the arrests the INS agents entered and searched the houses. The confrontation which made this chain of events controversial and which served as the basis for the temporary injunction occurred when one INS agent encountered L. You Wang, the co-plaintiff and Tommy Wong's elderly mother, at the door of one of the houses which she leased from her son. Mrs. Wang speaks no English, but the agent took some uncertain gestures on her part to be an invitation to enter the house. The agent entered the house, conducted a partial search, and questioned a restaurant employee he found there. Tommy Wong

was sent for. When he arrived, Wong demanded that the agents leave the house. They refused and an argument and scuffle ensued in which Wong was handcuffed, the agents were struck by a wok and some wet tea leaves, and Mrs. Wang received a black eye and a lump on the forehead. Wong was released that same day and soon thereafter obtained a Temporary Restraining Order against further warrantless searches by the INS.

At the preliminary injunction hearing I found that the agents had not obtained a valid consent prior to their entry, either by implication from past unchallenged searches or by invitation from Mrs. Wang, a resident tenant. Since the agents had neither a search warrant nor a valid consent, the Fourth Amendment rights of both plaintiffs were violated which resulted in irreparable injury. I also found that the injury threatened to the INS by imposing a warrant requirement was outweighed by the public interest in seeing constitutional rights enforced. In addition, the defendant, Robert Godshall, testified that defendants had no objection to the preliminary injunctive relief. Now I must decide whether the injunction should be made permanent.

Permanent injunctive relief is a severe remedy which should be granted only sparingly and only for clearly compelling reasons. *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). Defendants rightly argue that the standard is particularly high when the party to be enjoined is a law enforcement agency. One seeking such relief must establish that there has been a persistent and aggravated pattern of police misconduct as well as a substantial risk that future violations will occur. *Alle v. Medrano,* 416 U.S. 802, 94 S.Ct. 2191, 40 L.Ed.2d 566 (1974); *Long v. District of Columbia,* 469 F.2d 927 (D.C.Cir.1972). Here, there was a single instance of a palpable lack of preparation in planning the official call on Tommy Wong's, and also a presumptuous indifference in carrying it out. However,

such conduct does not constitute a persistent and aggravated pattern of misconduct, and there is no indication of substantial risk of future violations.

It is indicative of the government's cavalier approach to this incident that it also argues that the court's initial finding on lack of effective consent was legally erroneous and unsupported by the evidence. I am well aware of the existence of case law, detailed by defendants, that non-verbal consent to a search may sometimes be valid. The instant facts remain, however, that INS agents entered on the strength of a vague hand or arm movement by Mrs. Wang which they have never clearly described. Mrs. Wang is 80 years old; she had been in this country only a short period; she had no demonstrated knowledge of who these agents were or what they were after, and she could not speak or understand English. She clearly depended on her son not only for support and protection, but even more for his intercession in all encounters she had with any non-Chinese. It should have been patently obvious to anybody present that Tommy Wong, besides being the owner of the house, could rightfully speak for his mother when he repeatedly told the agents to leave the premises. It was necessary for her to have an interpreter throughout the preliminary injunction hearing. The defendants' contention that a previous, ambiguous gesture by Mrs. Wang vitiated her son's orders to leave is ludicrous.

I conclude that the warrantless search of the Wong premises was wrong, but I will not grant a permanent injunction based on the circumstances of an isolated incident.

IT IS ORDERED that the preliminary injunction of May 12, 1982 is dissolved and plaintiffs' request for a permanent injunction is denied.

IT IS FURTHER ORDERED that plaintiffs' motion for summary judgment is denied.

IT IS FURTHER ORDERED that defendants' motion for summary judgment is granted. Each party shall pay his, her or its own costs.