Herbert NEWHOUSE, Jr., Plaintiff,

v.

Charles V. PROBERT, Doreen Ketchum, Donald A. Davis, Sandra Farr and Lawrence Magilner, jointly and severally, Defendants.

and

Charles V. PROBERT, Defendant and Cross-Plaintiff,

v.

Herbert NEWHOUSE, Jr., Robert D. Spoilstra, Michigan Bell Telephone, a Michigan corporation, and J.L.T. Land Company, a Michigan corporation, Cross-Defendants.

No. G83–1364 CA.

United States District Court, W.D. Michigan, S.D.

April 15, 1985.

Herbert Newhouse, Jr., in pro. per.

Ronald F. Fischer, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., John A. Smietanka, U.S. Atty. by Daniel Laville, Grand Rapids, Mich., for Ketchum & Davis.

Varnum, Ridderings, Schmidt & Howlett, Grand Rapids, Mich., for Michigan Bell Tele. Co.

Scott F. Pierce, Grand Rapids, Mich., for J.L.T. Land Co.

Charles V. Probert, Wyoming, Mich., for Probert & Magilner.

## OPINION RE PENDING MOTIONS

HILLMAN, District Judge.

This is a civil rights action brought by plaintiff, *pro se*, against several federal officials and private citizens. Jurisdiction is based upon the United States Constitution, 28 U.S.C. § 1331 and 42 U.S.C. § 1983. Plaintiff alleges that the named defendants, along with as yet unnamed state law enforcement officials, violated plaintiff's constitutional rights in the course of gathering information for a federal criminal tax prosecution. Plaintiff seeks declaratory and injunctive relief, money damages, costs and attorney fees.

This matter is presently before the court pursuant to the federal defendants' motion to dismiss or for summary judgment, to strike the Declaration of Scott F. Pierce, and for an award of attorney fees. Also before the court is defendant Charles Probert's motion to set aside entry of default, and the motions of Michigan Bell Telephone Co. and J.L.T. Land Company to strike defendant Probert's cross-complaint.

### I.

*Federal Defendants' Motion to Dismiss or for Summary Judgment to Strike the Declaration of Scott F. Pierce, and for Attorney Fees*

Plaintiff has brought suit against two federal officials, Don Davis, Assistant United States Attorney, and Doreen Ketchum, Special Agent for the Internal Revenue Service ("IRS"). Plaintiff alleges that defendants Davis and Ketchum, acting in concert with Charles Probert, who was then plaintiff's attorney, violated plaintiff's constitutional rights by intercepting privileged communications between plaintiff and Probert, and by engaging in covert data gathering, including opening his private mail and searching his private documents.

The federal officials have filed a motion to dismiss or for summary judgment. Because the court has considered matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed.R.Civ.P. 12(a) and 56.

On a motion for summary judgment, the moving party bears the burden of showing conclusively that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60 (6th Cir.1979); *Tee-Pak, Inc. v. St. Regis Paper Co.*, 491 F.2d 1193 (6th Cir.

1974); Fed.R.Civ.P. 56(a). In determining whether issues of fact exist, "the inferences to be drawn from the underlying facts contained in the [affidavits, attached exhibits, and depositions] must be viewed in a light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). A court may not resolve disputed questions of fact in a summary judgment decision, and if a disputed question of fact remains, the district court should deny the motion, and proceed to trial. *United States v. Articles of Device*, 527 F.2d 1008, 1011 (6th Cir.1976).

The federal defendants argue that they are entitled to summary judgment on the basis of sovereign immunity, official immunity, and for failure to state a claim upon which relief can be granted. Plaintiff, on the other hand, argues that he has stated a valid cause of action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). For the reasons set forth below, defendants' motion for summary judgment is granted.

■ In general, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). Unless sovereign immunity has been waived or does not apply, it bars equitable as well as legal remedies against the United States. *Jaffee v. United States*, 592 F.2d 712, 717, n. 10 (3d Cir.1979).

■ In the instant case, plaintiff has not sued the United States, but rather employees of the Department of Justice and the IRS. Plaintiff, however, cannot avoid the doctrine of sovereign immunity by naming individual employees as defendants if the United States remains the real party in interest. The court must go beyond the nominal defendants to determine whether the suit is in effect one against the sovereign, and therefore barred by the doctrine of sovereign immunity. *Larson v. Domes-*

*tic and Foreign Commerce Corp.*, 337 U.S. 682, 687, 69 S.Ct. 1457, 1460, 93 L.Ed. 1628 (1948). Generally, a suit against a federal employee will be deemed a suit against the sovereign if " 'the judgment would expend itself on the public treasury or domain or interfere with the public administration,' or if the effect of the judgment would be 'to restrain the government from acting, or to compel it to act.' " *Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963) (citations omitted).

■ Here plaintiff seeks money damages, as well as injunctive and declaratory relief. The Supreme Court has held that money damages are available where suit is brought against a federal official, in his individual capacity, for violations of plaintiff's constitutional rights. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The doctrine of sovereign immunity is not a bar to such an action since the judgment need not be satisfied by the public treasury. *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979). *See also Garcia v. United States*, 538 F.Supp. 814, 816 (S.D. Tex.1982). Plaintiff's complaint appears to allege liability against defendants Davis and Ketchum only in their individual capacities. Thus, plaintiff has stated a *Bivens*-type action for damages against the federal officials.

Although plaintiff's claim for money damages is not barred by the doctrine of sovereign immunity, the federal defendants are nevertheless shielded from liability by the doctrine of official immunity if they were acting within the scope of their lawful authority. *Butz v. Economou*, 438 U.S. 478, 489–90, 98 S.Ct. 2894, 2902, 57 L.Ed.2d 895 (1978). With respect to defendant Davis, the government argues this immunity is absolute. In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that absolute immunity encompasses all prosecutorial functions "intimately associated with the judicial phase of the criminal process." *Id.*

at 430, 96 S.Ct. at 994. Although the Court did not define the boundaries of its holding, subsequent cases have limited absolute prosecutorial immunity to quasi-judicial conduct, and have applied qualified immunity to investigatory or administrative conduct. *See Windsor v. The Tennessean*, 719 F.2d 155, 165 (6th Cir.1983).

▮ In the instant case, plaintiff alleges that defendant Davis intercepted privileged communications, opened his private mail, and searched his private documents. Davis' affidavit, on the other hand, states "he was assigned the task of presenting evidence to the grand jury," and all actions taken "were *related* to the grand jury investigation." If, as this affidavit strongly implies, defendant Davis' only conduct involved presenting evidence to ,the grand jury, he would be entitled to absolute immunity. *Henderson v. Fisher*, 631 F.2d 1115 (3d Cir.1980). The affidavit, however, is ambiguous on this point, and leaves open the possibility that Davis authorized investigative activity in connection with his task of presenting evidence to the grand jury. Such conduct would not be entitled to absolute immunity. *Marrero v. City of Hialeah*, 625 F.2d 499, 504–05 (5th Cir.1980) (*quoting Imbler v. Pachtman*, 424 U.S. at 424, 96 S.Ct. at 992). Therefore, construing the pleadings in the light most favorable to the plaintiff, the court concludes that defendant Davis, like defendant Ketchum, is entitled only to qualified immunity.[1]

The standard for qualified immunity was recently refined in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). In *Harlow*, the Supreme Court held that federal officials performing discretionary functions are shielded from liability for civil damages if "their conduct does not violate clearly established constitutional rights of which a reasonable person would have known." *Id.* at 818, 102 S.Ct. at 2738.

▮ In applying this standard, the court is mindful of the Supreme Court's admonition to apply to allegations of *pro se* complaints "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). However, plaintiff is not entitled to get to the jury on the basis of the allegations in his complaint, "coupled with the hope that something may be developed at trial...." *First National Bank of Arizona v. City Service Co.*, 391 U.S. 253, 289–90, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968). According to Fed.R.Civ.P. 56(e):

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

In *R.E. Cruise Inc. v. Bruggeman*, 508 F.2d 415 (6th Cir.1975) (per curiam), the Sixth Circuit interpreted Rule 56(e) as permitting summary judgment where the facts alleged in the complaint were directly contravened in the affidavits supporting defendants' motion for summary judgment, and where the plaintiff's version of the facts was not presented in any deposition, affidavit or other document on file, except the pleadings. Moreover, the Supreme Court has stressed the need to pierce the pleadings in lawsuits, such as the instant one, where a complaint drafted in "constitutional colors" can subject federal officials to prolonged litigation. In *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), the Court stated:

> "Insubstantial [Bivens] lawsuits can be quickly terminated by federal courts alert to the possibilities of artful pleading.... [D]amage suits concerning constitutional violations need not proceed to

---

1. To the extent plaintiff alleges non-constitutional common law tort violations, there is absolute immunity for the federal defendants' conduct.

*Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); *Granger v. Marek*, 583 F.2d 781, 782 (6th Cir.1978).

trial, but can be terminated on a properly supported motion for summary judgment based upon the defense of immunity. In responding to such a motion, plaintiffs may not play dog in the manager; and firm application of the Federal Rules of Civil Procedure will ensure that federal officials are not harassed by frivolous lawsuits."

*Id.* at 507–08, 98 S.Ct. at 2911–12. (citations omitted).

In the instant case, both federal defendants supported their motion for summary judgment with affidavits stating:

"At no time did I, or anyone associated with me to my knowledge, employ any type of illegal overt or covert techniques to collect data about the plaintiff or intercept privileged communications between the plaintiff and his attorney. Neither I nor anyone to my knowledge employed techniques such as opening the plaintiff's private mail nor illegally, or without proper authority, rifled his private papers and documents.

With regard to each action undertaken by me relevant to the investigation of Mr. Newhouse, I am of the firm belief that each action was necessary and incident to my duties, and I believed and continue to believe in good faith, that each such action was lawful and within the scope of my duties and authority...."

■ These affidavits directly controvert plaintiff's allegations that defendants Davis and Ketchum conspired to violate plaintiff's constitutional rights. The only rebutting evidence submitted by plaintiff is the declaration of Scott F. Pierce. This declaration, however, does not meet the requirements of Rule 56(e). Rule 56(e) provides in pertinent part that "supporting and opposing affidavits [2] shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein...." Here, the declaration states "that it is intentionally incomplete." In addition, the declarant admits that the information is "not first hand," and is merely "believed to be true given the sources and the duplication of sources." Such a declaration, based entirely upon hearsay evidence, is insufficient under Rule 56(e) to create a genuine issue of material fact, and should be stricken. *Clemente v. Farrell Lines, Inc.,* 465 F.Supp. 728, 731 (E.D.N.Y. 1979); *Carey v. Beans,* 500 F.Supp. 580 (E.D.Pa.1980), *aff'd.* 659 F.2d 1065 (3d Cir. 1981); Wright, Miller & Kane, *Federal Practice and Procedure,* § 2738. Thus, defendants' affidavits stand unrebutted, and demonstrate that defendants did not "violate clearly established constitutional rights of which a reasonable person would have known." Accordingly, firm application of the Federal Rules of Civil Procedure requires that defendants' motion for summary judgment be granted as to plaintiff's claim for money damages.

■ With respect to plaintiff's claims for specific relief, the 1976 amendments to section 702 of the Administrative Procedure Act, 5 U.S.C. § 702, eliminated the immunity defense in virtually all actions for non-monetary relief against a United States agency or officer acting in an official capacity or under color of legal authority.[3] *Clark v. Library of Congress,* 750 F.2d 89, 102 (D.C.Cir.1984); *Warin v. Director, Dept. of the Treasury,* 672 F.2d 590, 592 (6th Cir.1892). Thus, sovereign immunity presents no obstacle to plaintiff's claim for specific relief. The amendment to section 702, however, does not mean that all actions in which sovereign immunity

**2.** Pursuant to 28 U.S.C. § 1746, unsworn declarations under penalty of perjury, such as Mr. Pierce's, are to be given the same effect as affidavits.

**3.** Section 702 provides in pertinent part: "An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party."

formerly would have required dismissal now will be decided on the merits. *Sea-Land Service, Inc. v. Alaska R.R.*, 659 F.2d 243, 245 (D.C.Cir.1981), *cert. denied*, 455 U.S. 919, 102 S.Ct. 1274, 71 L.Ed.2d 459 (1982). By its own terms, section 702 does not affect "the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground." Here, the record shows that plaintiff is not entitled to the relief requested. A request for specific relief is addressed to the discretion of the trial court. *Castro v. Beecher*, 386 F.Supp. 1281 (D.Mass.1975). Permanent injunctive relief is an extraordinary remedy which should be granted sparingly and only for compelling reasons. *Wong v. Nelson*, 549 F.Supp. 895, 896 (D.Colo.1982). Such relief is not available to prevent hypothetical injuries feared as liable to occur at some indefinite time in the future. *Connecticut v. Massachusetts*, 282 U.S. 660, 674, 51 S.Ct. 286, 291, 75 L.Ed. 602 (1930). "The injury complained of must be of such imminence that there is a 'clear and present' need for equitable relief to prevent irreparable harm." *Ashland Oil, Inc. v. F.T.C.*, 409 F.Supp. 297, 307 (D.D.C.1976).

Here, the defendants' affidavits state unequivocally that plaintiff never was the subject of a conspiracy to gather information illegally in violation of his constitutional rights. Also, it is not likely that plaintiff will be the subject of a covert investigation in the future, since he is presently incarcerated in the state prison in Jackson, Michigan. Thus, plaintiff has not shown, and cannot show, that injunctive relief is necessary to prevent imminent and irreparable harm. Nor is declaratory relief appropriate, since the federal officials' conduct was within their lawful authority. Accordingly, defendants' motion for summary judgment is likewise granted as to plaintiff's claim for specific relief.

The government also argues that it is entitled to an award of reasonable attorney fees incurred in defending this action on the grounds that plaintiff's suit was filed in bad faith. Since the government has not stated the amount of attorney fees it is

seeking, the court will defer ruling on this matter until such time as defendants document their request for attorney fees. This will also give plaintiff an additional opportunity to address the merits of the motion.

## II.

### *Defendant Probert's Motion to Set Aside Entry of Default*

■ Defendant Charles Probert has filed a motion to set aside the entry of default pursuant to Fed.R.Civ.P. 55(c). Rule 55(c) provides that "for good cause shown the Court may set aside an entry of default...." In determining whether defendant has shown good cause, the court must consider three factors: (1) whether setting aside the default would prejudice the plaintiff; (2) whether defendant has asserted a meritorious defense; and (3) defendant's culpability in allowing the default. *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir.1982); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844–45 (6th Cir.1983).

■ In the instant case, each of these factors points to granting relief under Rule 55(c). First, because defendant's answer was filed within 30 days of service of the complaint, there is no evidence that plaintiff's ability to succeed on the merits was prejudiced by defendant's failure to file a timely answer. Moreover, a mere delay in satisfying plaintiff's claim, if he should ultimately succeed at trial, is not sufficient prejudice to require denial of a motion to set aside default. *Keegal v. Key West & Caribbean Trading Company, Inc.*, 627 F.2d 372, 374 (D.C.Cir.1980).

■ Second, defendant's answer, which was accepted for filing by the Clerk of the Court, presents a potentially meritorious defense. To succeed on his section 1983 claim, plaintiff must show that Probert was acting under color of state law. The complaint alleges that Probert was acting as a part-time prosecutor during the relevant time period. Defendant's answer, how-

ever, denies this allegation. If, in fact, Probert was not acting under color of state law as a county prosecutor, he has a viable defense to plaintiff's section 1983 action which should be heard on the merits.

■ Finally, the default was not the result of culpable conduct. The record shows that the federal defendants requested, and were granted, an enlargement of time in which to respond to the complaint. Probert's affidavit states that he assumed that he, too, had additional time in which to respond to the complaint. While Probert's assumption was incorrect, it appears that his failure to file a timely answer was inadvertent, not willful.

For all these reasons, defendant has shown good cause exists to set aside the entry of default. Accordingly, defendant's motion to set aside the entry of default is granted.

### III.

*Defendant Michigan Bell Telephone Co. and J.L.T. Land Company, Inc.'s Motion to Strike Charles Probert's "Cross-Complaint"*

■ Finally, Michigan Bell Telephone Co. and J.L.T. Land Company, Inc., have moved to strike Defendant Probert's "cross-complaint." Defendant Probert filed what is captioned as a "cross-complaint" on December 22, 1984. At that time, the cross-defendants were not parties to this action, and, therefore, the cross-complaint is actually a third-party complaint subject to the requirements of Fed. R.Civ.P. 14(a). *See* Wright & Miller, *Federal Practice and Procedure*, § 1431, p. 163. That rule provides:

"Third Party Practice.

(a) *When Defendant May Bring in Third Party.* At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.... Any party may move to strike the third-party claim or for its severance or separate trial...."

■ Here, at the time Probert filed his third-party complaint, he was in default for failing to file a timely answer. The third-party defendants argue, therefore, that the third-party complaint is improper, since Charles Probert is not a defending party within the meaning of Rule 14(a). I agree. According to *Moore's Federal Practice,* ¶ 55.03[2], " 'When a party is in default ... the party himself has lost his standing in court, cannot appear in any way, cannot adduce any evidence, and cannot be heard at the final hearing.' " (*quoting Clifton v. Tomb,* 21 F.2d 893, 897 (4th Cir.1927)). Thus, a default having been entered against him, Probert did not have standing to file a third-party complaint. Accordingly, the cross-defendants' motion to strike the improper third-party complaint is granted.

### CONCLUSION

In conclusion, the motions of the federal defendants to dismiss or for summary judgment, and to strike the declaration of Scott Pierce are granted. Plaintiff's claims against Don Davis and Doreen Ketchum are dismissed. The federal defendants' motion for attorney fees is deferred until such time as defendants document their request. Defendant Probert's motion to set aside entry of default is granted. The motion to strike defendant Probert's "cross-complaint" is granted.