John T. BRADY and Herbert M. Crawford, Petitioners-Appellants,

v.

William French SMITH,* Attorney General of the United States; Norman Carlson, Director of the Federal Bureau of Prisons; L. R. Putman, Warden, McNeil Island Prison, et al., Respondents-Appellees.

No. 80–3139.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 2, 1981.

Decided Sept. 14, 1981.

---

* Substituted for former Attorney General Griffin Bell pursuant to Federal Rule of Appellate Procedure 43(c).

John T. Brady, pro se.

Herbert M. Crawford, Steilacoom, Wash., for petitioners-appellants.

Charles Pinnell, Asst. U. S. Atty., Seattle, Wash., for respondents-appellees.

** The Honorable Owen M. Panner, United States District Judge for the District of Oregon, sitting by designation.

1. Crawford has never filed a notice of appeal. Brady's notice on behalf of Crawford is not effective. *See U. S. v. Kelley*, 539 F.2d 1199, 1201–03 (9th Cir.), *cert. denied*, 429 U.S. 963, 97 S.Ct. 393, 50 L.Ed.2d 332 (1976). However,

Before CHOY and BOOCHEVER, Circuit Judges, and PANNER,** District Judge.

PANNER, District Judge.

## INTRODUCTION

Brady and Crawford, appearing pro se, appeal the dismissal of their consolidated actions.[1] They challenge conditions of their confinement in a federal penitentiary and seek injunctive relief and punitive damages for violation of their constitutional rights against the Attorney General of the United States, the Director of the Bureau of Prisons, and the Warden of the Penitentiary. The district court granted defendant's motion to dismiss because appellants failed to exhaust administrative remedies and because the claims were moot.

We affirm.

## HISTORY

In 1977, appellants Brady and Crawford filed virtually identical complaints for injunctive relief, damages and petitions for writs of habeas corpus against the defendants[2] challenging the conditions of their confinement at McNeil Island Penitentiary. Crawford's complaint was dismissed and he appealed. In *Crawford v. Bell*, 599 F.2d 890 (9th Cir. 1979), this court affirmed the district court's dismissal of Crawford's petition for a writ of habeas corpus and those portions of Crawford's complaint which duplicated a pending class action. Thereafter, the class action suit brought on behalf of all McNeil prisoners was dismissed by the district court because the parties stipulated that the issue of unconstitutional overcrowding was moot.

because the two actions were consolidated, and the two complaints are identical, we refer to Brady's appeal in the plural.

2. The named defendants are: (1) Griffin Bell, Attorney General of the United States; (2) Norman Carlson, Director of the Bureau of Prisons; and (3) L. R. Putman, Warden of McNeil.

On December 13, 1979 the district court consolidated the appellants' cases to consider the issues in their complaints which were not disposed of by the class action dismissal. These issues were whether: (1) the prison library was inadequate; (2) unsanitary conditions in the prison slaughterhouse caused food poisoning; (3) the prison had interfered with visitation rights; and (4) the appellants are entitled to $100,000 each as punitive damages for violations of their constitutional rights. The district court granted the respondents' motion to dismiss because the petitioners failed to exhaust their administrative remedies and because the claims were moot.

## DISCUSSION

■ Appellants are no longer incarcerated at McNeil. That institution was converted from a United States penitentiary to a federal prison camp on September 26, 1979. The conditions at McNeil at the same time of dismissal by the District Judge were completely different from the conditions existing during the time of appellants' incarceration. Dismissal with respect to issues one, two and three was appropriate on the ground of mootness. The only issue that remains is appellants' claim for punitive damages for alleged violation of their constitutional rights.

*Nature of Appellants' Claim for Damages.*

Appellants allege that the overcrowded conditions at McNeil subjected them to:

a. Cruel and unusual punishment in violation of the Eighth Amendment to the Constitution of the United States.

b. Denial of due process of law guaranteed by the Fifth Amendment.

c. Denial of the right to privacy guaranteed in the First, Fourth, Fifth and Ninth Amendments.

They neither allege nor seek compensatory damages but confine their claim to punitive damages.

■ While the United States is not named as a defendant, each of the individual defendants is named in his official capacity. Each is charged with violation of statutory duties in the control and management of the institution. We must construe the pro se complaint liberally. *Estelle v. Gamble*, 429 U.S. 97, 107, 97 S.Ct. 285, 292–93, 50 L.Ed.2d 251 (1976).

*Defendants' Position.*

Defendants assert that appellants named the defendants in their official capacity and, thus, the action is against the United States. They argue that the doctrine of sovereign immunity bars the granting of monetary relief. Defendants further contend that appellants failed to exhaust their federal administrative remedy provided under the Federal Bureau of Prisons Program Statement 1330.1 dated October 18, 1974.[3]

*Liability of the United States.*

■■ A federal prisoner may maintain a claim for damages against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) & 2671–2680, for injuries sustained as a result of fault on the part of a government employee. *United States v. Muniz*, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963); *Williams v. United States*, 405 F.2d 951, 954 (9th Cir. 1969). The government's duty to exercise care for the safety of its prisoners is affirmatively established by 18 U.S.C. § 4042. *Id.* The United States, however, has not waived its sovereign immunity so as to assume liability for punitive damages. 28 U.S.C. § 2674. Appellants did not file a claim as required by 28 U.S.C. §§ 2401(b) & 2675(a). Action against the United States is, therefore, barred.

---

**3.** A substantial question is presented as to Brady's failure to exhaust federal administrative remedies. *See Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086, 100 S.Ct. 1045, 62 L.Ed.2d 772 (1980). Because of our disposition of this appeal on other grounds, we find it unnecessary to address this issue.

*Bivens Type Complaint.*

While the government contends that the action is against individuals in their official capacity and therefore against the United States, liberal construction of the pro se complaint indicates a possible claim against the named individuals under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). Under a *Bivens* action, compensatory and punitive damages are available against the individuals. *Carlson*, 446 U.S. at 21–22, 100 S.Ct. at 1473–74. Hence, the fact that appellants pray only for punitive damages would not bar a *Bivens* complaint.

While appellants make some general claims with respect to the slaughterhouse, the library, and visiting privileges, no compensatory damages are requested and the injunctive relief sought is inappropriate in light of the changed conditions mentioned before.

The thrust of appellants' complaint and the apparent basis for punitive damages is the alleged overcrowding. There are no allegations that the individual defendants are responsible for the number of inmates committed. Overcrowding is a function of appropriations from Congress, sentencing by federal judges, and releases by the parole board. Under these circumstances, the complaints do not state a cause of action under *Bivens.*

The judgment of the District Court is affirmed.