**Harry C. KAUFMANN; Eileen M. Kaufmann; Harry Kaufmann Motor Cars, Inc.; and Kaufmann–Campbell Leasing, Inc., Plaintiffs,**

v.

**The UNITED STATES of America; Neil Saari, personally, and Thomas Schafer, personally, Defendants.**

No. 93–C–482.

United States District Court, E.D. Wisconsin.

Jan. 3, 1995.

Peterson, Johnson & Murray by Terry E. Johnson, Milwaukee, WI, for plaintiffs.

Thomas P. Schneider, U.S. Atty. by James L. Santelle, Asst. U.S. Atty., Milwaukee, WI, for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On May 13, 1993, the plaintiffs commenced this action against the United States and twelve individual defendants in both their official and personal capacities, with the filing of an eight-count complaint. The defendants filed motions to dismiss the complaint, and in an order dated December 22, 1993, I dismissed numerous counts of the original complaint. *Kaufmann v. United States,* 840 F.Supp. 641, 659–660 (E.D.Wis.1993).

The plaintiffs were invited to file an amended complaint attempting to correct the deficiencies of their original complaint. *Id.*

at 660. The plaintiffs accepted this invitation and filed an amended complaint on January 20, 1994. Presently before the court is the defendants' motion to dismiss the plaintiffs' amended complaint, filed under Rule 12(b)(6), Federal Rules of Civil Procedure.

## I. BACKGROUND

On September 11, 1990, Mr. Kaufmann was indicted by a federal grand jury on four counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B), and one count of attempted money laundering, in violation of 18 U.S.C. § 1956(a)(3)(B). The indictment also called for the forfeiture of all property traceable to the offense, pursuant to 18 U.S.C. § 982(a). Magistrate Judge Aaron Goodstein issued search and seizure warrants for the Harry Kaufmann Motor Cars ["KMC"] premises on September 12, 1990. On September 13, 1990, federal agents executed those search warrants and seized all assets of KMC, including 99 automobiles.

A jury found Mr. Kaufmann guilty on count five of the indictment, acquitted him on counts one and two, and was unable to return a verdict on counts three and four. Counts three and four were later dismissed without prejudice by the government. Mr. Kaufmann pursued an unsuccessful appeal of his conviction on count five. *See United States v. Kaufmann,* 985 F.2d 884 (7th Cir.1993), *cert. denied,* — U.S. —, 113 S.Ct. 2350, 124 L.Ed.2d 259 (1993).

Subsequently, this action was filed on behalf of Mr. Kaufmann, his wife, Eileen M. Kaufmann, KMC and Kaufmann–Campbell Leasing, Inc. ["Kaufmann–Campbell"]. In their original complaint, the plaintiffs asserted claims against the United States and numerous individual defendants, primarily government officials who had been involved in the investigation and subsequent criminal prosecution of Mr. Kaufmann. The plaintiffs' original complaint contained seven substantive counts.

In my December 22, 1993, decision and order, I addressed the defendants' motions to dismiss the plaintiffs' complaint pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6), Federal Rules of Civil Procedure. *See Kaufmann,* 840 F.Supp. at 649. I dismissed, with prejudice, counts one through five as asserted against the individual defendants in their official capacities. I also dismissed, with prejudice, counts six and seven to the extent that the plaintiffs were seeking redress under those counts against the individual defendants. I further dismissed, without prejudice, counts one through five as asserted against the individual defendants in their personal capacities. Finally, I declined to dismiss counts six and seven as asserted against the United States.

The plaintiffs then filed an amended complaint alleging counts one through five against the individual defendants in their personal capacities with greater specificity. The amended complaint is thirty-eight pages long and contains thirty-one counts. The amended complaint asserts claims against only two individual defendants and the United States.

As stated above, the plaintiffs named in the amended complaint are Mr. Kaufmann, his wife, Eileen Kaufmann, KMC and Kaufmann–Campbell. The plaintiffs aver that both KMC and Kaufmann–Campbell are corporations licensed to do business in the state of Wisconsin. They also allege that Mrs. Kaufmann had a fifty percent interest in all of her husband's assets.

The two individual defendants who remain in the plaintiffs' amended complaint are: Neil Saari, an agent for the Internal Revenue Service who was allegedly responsible for investigating and gathering information which was eventually presented to the grand jury, and Thomas Schafer, an "informant, agent and employee of the United States Government" who allegedly worked under the direction of Mr. Saari during his investigation of Mr. Kaufmann. Counts I through XXVIII of the plaintiffs' amended complaint assert claims against either Mr. Saari or Mr. Schafer in their personal capacities. In response, the defendants filed a motion to dismiss the plaintiffs' amended complaint pursuant to Rule 12(b)(6).

## II. ANALYSIS

In considering the defendants' motion to dismiss, the court "must accept as

**1048**

true all well-pled factual allegations in the complaint and draw all reasonable inferences therefrom in favor of the plaintiff." *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir. 1991) (citations omitted). Dismissal is appropriate only where it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. *Id.* However, in order to avoid dismissal, the plaintiffs must do more than attach bare legal conclusions to narrated facts. *Sutliff, Inc. v. Donovan Companies, Inc.,* 727 F.2d 648, 655 (7th Cir.1984).

Many of the plaintiffs' 31 claims are factually repetitive. Therefore, I will consider as a group those claims that are based on both identical factual assertions and identical legal theories, although such claims may be asserted on behalf of different plaintiffs. For example, counts I, VIII, XV and XXII (which I will discuss below) all assert Fourth Amendment claims against defendant Saari based upon alleged misrepresentations by Mr. Saari in the affidavit that he submitted in support of the issuance of a search warrant.

**A. Plaintiffs' Fourth Amendment Claims**

■ Counts I, VIII, XV and XXII of the plaintiffs' amended complaint assert claims against defendant Saari on behalf of Mr. Kaufmann, Mrs. Kaufmann, KMC, and Kaufmann–Campbell respectively. In the captions of their Fourth Amendment counts, the plaintiffs assert that the alleged violations of their Fourth Amendment rights are actionable under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

The plaintiffs assert that Mr. Saari was involved in the execution of the search and seizure warrant at the premises of KMC. They also charge that "the search and seizure warrants were issued by Magistrate Goodstein based in part upon misrepresentations knowingly or recklessly contained within Saari's affidavit in support of the issuance of the warrant." *Amended Complaint* at ¶¶'s 28, 58, 90, 121. Specifically, the plaintiffs allege that "paragraphs 13, 23 and 38 of Saari's affidavit, among others, contain un-

true statements which could have been discovered with reasonable diligence." *Id.*

In the defendants' motion to dismiss, they contend that the plaintiffs' amended complaint did not cure the defects in their original complaint, with respect to their Fourth Amendment allegations. The defendants claim that the broad, conclusory allegations of the plaintiffs' Fourth Amendment claims are insufficient to state a claim for relief.

■ *Bivens* established that victims of a federal constitutional violation by a federal official may have a cause of action against that official in federal court. *Carlson v. Green,* 446 U.S. 14, 18, 100 S.Ct. 1468, 1471, 64 L.Ed.2d 15 (1980). *Bivens* claims are identical to claims under 42 U.S.C. § 1983, except for the replacement of a state actor acting under the color of state law by a federal actor acting under the color of federal law. *Bieneman v. City of Chicago,* 864 F.2d 463, 469 (7th Cir.1988), *cert. denied,* 490 U.S. 1080, 109 S.Ct. 2099, 104 L.Ed.2d 661 (1989).

■ A misrepresentation in an affidavit submitted as support for the issuance of a search warrant can give rise to a civil damages cause of action. *See Olson v. Tyler,* 771 F.2d 277, 281 n. 6 (7th Cir.1985) (action brought under § 1983); *Supreme Video, Inc. v. Schauz,* 808 F.Supp. 1380, 1394 (E.D.Wis. 1992) (action brought under § 1983), *aff'd in part, rev'd in part on other grounds,* 15 F.3d 1435 (7th Cir.1994). I believe that the plaintiffs' allegation that defendant Saari submitted an affidavit containing knowing or reckless misrepresentations in support of the issuance of a search warrant is sufficient to support a cause of action under *Bivens* based on the Fourth Amendment. *See, e.g. Branch v. Tunnell,* 937 F.2d 1382 (9th Cir.1991). The plaintiffs' allegations that the misrepresentations are contained in paragraphs 13, 23 and 38 of the affidavit are sufficiently precise to allege a Fourth Amendment claim under *Bivens.*

■ The individual defendants who are sued in their personal capacities in their personal capacities assert they are also entitled to qualified immunity as an alternative basis for dismissal of the claims filed against them. Under the doctrine of qualified immunity,

government officials performing discretionary functions are shielded from civil liability unless their actions violate clearly established constitutional rights of which a reasonable official would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1992). Qualified immunity protects all government officials, except for those who are "plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986).

As stated above, the plaintiffs have alleged that Mr. Saari submitted false information in his affidavit in support of the issuance of a search warrant. Such allegations assert that Mr. Saari violated a constitutional right that is clearly established, namely the constitutional requirement that warrants be supported by probable cause. I believe that dismissal of the plaintiffs' Fourth Amendment claims on the basis of qualified immunity would be premature at this stage in the proceedings.

## B. Plaintiffs' Fifth Amendment Claims

 Counts II, IX, XVI and XXIII of the plaintiffs' amended complaint assert claims that Mr. Saari's actions violated the plaintiffs' due process rights under the Fifth Amendment. The plaintiffs aver that their due process claims are actionable under *Bivens*. The Supreme Court has recognized that a violation of the Fifth Amendment by a federal official may give rise to a cause of action under *Bivens. See Davis v. Passman,* 442 U.S. 228, 241–249, 99 S.Ct. 2264, 2275–2279, 60 L.Ed.2d 846 (1979).

 To establish a claim of unconstitutional deprivation under the Fifth Amendment, a plaintiff must allege that he was deprived of a protectable interest, that the deprivation was due to some government action, and that the deprivation was without due process. *Cospito v. Heckler,* 742 F.2d 72, 80 (3rd Cir.1984), *cert. denied,* 471 U.S. 1131, 105 S.Ct. 2665, 86 L.Ed.2d 282 (1985). In addition, a plaintiff must allege that the government official's actions involved more than mere negligence. *Rascon v. Hardiman,* 803 F.2d 269, 273 (7th Cir.1986) (citation omitted). To prevail, the plaintiffs must

allege that Mr. Saari knowingly, willfully or recklessly caused the alleged deprivation. *See Id.* at 274.

However, the plaintiffs' Fifth Amendment claims are nothing more than "bare legal conclusions [attached] to narrated facts which fail to outline the bases of their claims." *Sutliff,* 727 F.2d at 654. The plaintiffs' repeatedly assert that Mr. Saari deprived them of property without due process of law (a legal conclusion), but fail to assert any factual allegations of due process violations. Specifically, the plaintiffs allege that:

> Saari played an integral role in obtaining the seizure warrant by knowingly or recklessly presenting false information in support of the warrant, which deprived Kaufmann of his property without due process of law. Additionally, Saari was actually involved in the seizure which deprived Kaufmann of his property without due process of law."

*Amended Complaint* at ¶ 33. However, the plaintiffs fail to allege *how* they were deprived of due process.

While the plaintiffs allege that portions of the affidavit submitted by Mr. Saari in support of the search warrant were false, they fail to provide any connection between the alleged false statements and their due process claims. As I stated in my December 1993 decision and order, the plaintiffs' allegations indicate that Mr. Kaufmann *did* receive due process. *Kaufmann,* 840 F.Supp. at 654. He was convicted only after a jury trial and also pursued an unsuccessful appeal of his conviction.

In their brief in response to the defendants' motion to dismiss, the plaintiffs contend that the "presentation of untrue evidence gathered as a result of an illegal search and seizure is a *per se* violation of the Fifth Amendment." The plaintiffs also argue that the search and seizure in this case, absent a pre-deprivation hearing, was a due process violation.

The plaintiffs' reliance on the Supreme Court's decision in *U.S. v. James Daniel Good Real Property,* —— U.S. ——, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993), as support for their assertion that they were entitled to a

pre-deprivation hearing is inapt. The Supreme Court's decision in that case dealt with the forfeiture of real property in the context of a civil forfeiture proceeding. *Id.* at ——, 114 S.Ct. at 497. In the present action, with respect to their claims against Mr. Saari, the plaintiffs are apparently challenging only Mr. Saari's involvement in the initial seizure conducted in connection with the criminal prosecution of Mr. Kaufmann. They make no allegations that Mr. Saari was involved in the civil forfeiture proceeding, through which the plaintiffs ultimately lost their property. Also, the plaintiffs fail to allege how Mr. Saari was in any way connected with the absence of a pre-deprivation hearing.

The plaintiffs also argue that a search and seizure and resultant prosecution based upon an invalid warrant violate the Due Process Clause. The case cited by the plaintiffs as support for this proposition involved habeas corpus petitions filed by state prisoners challenging the state courts' denial of their alleged due process right to a suppression hearing on their claims that a search warrant was procured by the submission of an affidavit containing misrepresentations. *United States ex rel. Petillo v. State of New Jersey,* 400 F.Supp. 1152, 1156 (D.N.J.1975). In *Petillo,* the district court found that the state, not the official who supplied the affidavit containing the allegedly inaccurate information, had denied the plaintiffs their due process rights. *Id.* at 1182.

The plaintiffs' repeated assertions that Mr. Saari deprived them of their property without due process of law are conclusory allegations and are insufficient to survive a motion to dismiss. Consequently, counts II, IX, XVI and XXIII of the plaintiffs' amended complaint will be dismissed.

## C. The Plaintiffs' Eighth Amendment Claims

In counts III, X, XVII and XXIV (incorrectly labeled as count XXVI in the plaintiffs' amended complaint), the plaintiffs assert claims under *Bivens* based on allegations that their Eighth Amendment right to be free from cruel and unusual punishment was violated by Mr. Saari. However, the Cruel and Unusual Punishment Clause of the Eighth Amendment protects only those who have been convicted of a crime. *Thibodeaux v. Bordelon,* 740 F.2d 329, 333–334 (5th Cir. 1984). Three of the four plaintiffs were never convicted of a crime in connection with this action. Therefore, counts X, XVII and XXIV, asserting Eighth Amendment claims on behalf of Mrs. Kaufmann, KMC and Kaufmann–Campbell respectively, fail to state claims upon which relief can be granted.

Count III of the amended complaint asserts an Eighth Amendment claim on behalf of Mr. Kaufmann; it fails to state a claim upon which relief can be granted. In order to state an Eighth Amendment claim under *Bivens* against Mr. Saari in his personal capacity, Mr. Kaufmann must satisfy a test involving both a subjective and an objective component. *See Lunsford v. Bennett,* 17 F.3d 1574, 1579 (1994) (citing *Wilson v. Seiter,* 501 U.S. 294, 298–299, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991)). The objective component looks to the conditions of confinement imposed by the defendants and asks whether such conditions exceeded contemporary bounds of decency. *Id.* (citing *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir.1992)). The subjective component asks whether the officials acted wantonly and with a sufficiently culpable state of mind. *Id.* (citing *Wilson,* 501 U.S. at 301–303, 111 S.Ct. at 2326).

As to Mr. Kaufmann, the plaintiffs' amended complaint is completely devoid of any allegations that Mr. Saari subjected Mr. Kaufmann to prison conditions amounting to a serious deprivation of his rights. Therefore, count III of the plaintiffs' amended complaint will also be dismissed.

## D. The Plaintiffs' Conspiracy Claims

Counts IV, XI, XVIII and XXV allege that defendant Saari was involved in a conspiracy to deprive the plaintiffs of their constitutional rights. In the captions of their conspiracy counts the plaintiffs allege that such claims are actionable under "*Bivens,* Wisconsin and Federal Common Law." The conspiracy counts asserted against Mr. Saari, allege that he submitted an affidavit containing false information, asked for seizure in an

effort to deprive Mr. Kaufmann of funds so that he could not properly defend himself and committed "other overt acts in furtherance of the conspiracy."

Counts VI, XIII, XX and XXVII also allege that defendant Schafer was involved in a conspiracy to deprive the plaintiffs' of their constitutional rights. These counts allege that Mr. Schafer was "involved in the setting up of Kaufmann." Specifically, the plaintiffs allege that Mr. Schafer was directed by federal agents, including defendant Saari, "to use his entrepreneurial skills to create a way to set up someone." *Amended Complaint* at ¶¶'s 49, 81, 112, 142. The plaintiffs claim that Mr. Schafer told one of his associates that Mr. Kaufmann would be Mr. Schafer's "ticket out of trouble." *Amended Complaint* at ¶¶'s 50, 82, 113, 143.

■ To state a civil conspiracy claim, the plaintiffs must allege that two or more persons were acting together to commit an unlawful act or commit a lawful act by unlawful means. *Kunik v. Racine County, Wis.,* 946 F.2d 1574, 1580 (7th Cir.1991) (citations omitted). Where the facts alleged in the complaint are "vague, conclusionary and include no overt acts reasonably related to the promotion of the alleged conspiracy" the complaint fails to state a claim based on conspiracy. *Id.* (citing *Hansen v. Ahlgrimm,* 520 F.2d 768, 770 (7th Cir.1975)). Additionally, the factual allegations must suggest a "meeting of the minds" between the alleged conspirators. *Id.* (citing *Sparkman v. McFarlin,* 601 F.2d 261, 268 (7th Cir.1979) (plurality) (*en banc*)).

The plaintiffs claim that the facts alleged in their complaint are sufficient to show the existence of a conspiracy. I disagree. The "unlawful act" alleged in the plaintiffs' amended complaint is the alleged deprivation of the plaintiffs' constitutional rights. The plaintiffs conclusory allegations against Mr. Saari asserting that "he was involved in a conspiracy with the other defendant named herein, as well as others" are simply insufficient to support a conspiracy claim against Mr. Saari.

Aside from the bare legal conclusion that Mr. Saari was involved in a conspiracy, there are no factual allegations supporting even a suggestion that Mr. Saari entered into an agreement with anyone to direct himself toward "an unconstitutional action by virtue of a mutual understanding." *See Sparkman,* 601 F.2d at 268. Absent from the plaintiffs' complaint are any factual allegations that Mr. Saari entered into an *agreement* to deprive the plaintiffs of their constitutional rights.

■ The counts asserted against Mr. Schafer are equally inadequate. They merely assert that Mr. Schafer worked with federal agents in "attempting to set up Mr. Kaufmann." Specifically, the plaintiffs allege that Mr. Schafer was working with federal agents in "various 'sting' operations in the Kenosha area" in hopes that the government would not file counterfeiting charges against him.

The allegations against Mr. Schafer merely show that he acted as an informant, in conjunction with other federal officials, for the purpose of obtaining information for the prosecution of Mr. Kaufmann. There is no indication that Mr. Schafer's activities were done with the intention of depriving the plaintiffs of their constitutional rights or that Mr. Schafer committed any acts in furtherance of an agreement to engage in unlawful activity. The allegations in the plaintiffs' amended complaint are insufficient to show that Mr. Schafer entered into a conspiracy.

The plaintiffs' conspiracy claims contain the kind of vague, conclusionary allegations which the court of appeals for the seventh circuit has deemed insufficient to support such a claim. Therefore, counts IV, VI, XI, XIII, XVIII, XX, XXV and XXVII of the plaintiffs' amended complaint will be dismissed, pursuant to Rule 12(b)(6).

### E. The Plaintiffs' Claims for Punitive Damages

Counts V, XII, XIX and XXVI assert that Mr. Saari's allegedly intentional violations of the plaintiffs' constitutional rights warrant an award of punitive damages "[u]nder *Bivens* and Wisconsin Common Law." Counts VII, XIV, XXI and XXVIII assert identical claims against Mr. Schafer.

■ In the decision and order of December 22, 1993, I dismissed a claim in the

plaintiffs' original complaint containing language identical to that contained in the plaintiffs' amended complaint. *Kaufmann,* 840 F.Supp. at 655. However, the plaintiffs have repeated these claims in those counts of their amended complaint in which they seek punitive damages from the individual defendants. The plaintiffs aver that punitive damages are clearly recoverable in *Bivens*-type actions.

■ Punitive damages are recoverable in a *Bivens* action. *Brady v. Smith,* 656 F.2d 466, 469 (9th Cir.1981) (citing *Carlson,* 446 U.S. at 21–22, 100 S.Ct. at 1472–1473). However, the plaintiffs' conclusory allegations of "outrageous" conduct do not support a separate *claim* for relief against the individual defendants. Rather, punitive damages are relief to which the plaintiffs may be entitled if they are successful in proving their *Bivens* claim against Mr. Saari and also proving that his conduct was outrageous, willful and wanton.

Since the plaintiffs have included a request for punitive damages in that portion of their amended complaint containing their request for relief, there is no reason to maintain the separate counts asserting an entitlement to punitive damages. Therefore, counts V, VII, XII, XIV, XIX, XXI, XXVI and XXVIII will be dismissed. The plaintiffs' will be allowed to seek punitive damages, but only as to defendant Saari, as the *Bivens* claims asserted against Mr. Schafer will be dismissed.

### F. The Plaintiffs' Malicious Prosecution Claim

■ Count XXIX of the plaintiffs' complaint asserts a claim of malicious prosecution against the United States on behalf of Mr. Kaufmann, pursuant to 28 U.S.C. § 2680(h) of the Federal Tort Claims Act ["FTCA"] and "Wisconsin Common Law.". I denied the defendants' motion to dismiss this claim from the plaintiffs' original complaint in my December 22, 1993, decision and order. However, the defendants' motion to dismiss at that time was brought pursuant to Rule 12(b)(1), based on an asserted lack of subject matter jurisdiction over that claim. The defendants now seek to dismiss Mr. Kaufmann's malicious prosecution claim pursuant to Rule 12(b)(6).

Under the FTCA, the United States may be liable "where the United States, if a private person, would be held liable to the claimant in accordance with the laws of the place where the act or omission occurred." 28 U.S.C. § 1346(b); *Employer's Insurance of Wausau v. U.S.,* 27 F.3d 245, 247 (7th Cir.1994). Pursuant to § 2680(h) of the FTCA, individuals are permitted to bring claims against the United States alleging malicious prosecution "with regard to acts ... of investigative or law enforcement officers of the United States Government...."

Under § 2680(h), the court is "directed to apply the state law governing the situs of the government's wrongful act." *Molzof v. United States,* 911 F.2d 18, 20 (7th Cir.1990), *rev'd on other grounds,* 502 U.S. 301, 112 S.Ct. 711, 116 L.Ed.2d 731 (1992). In order to state a tort claim for malicious prosecution under state law, a plaintiff must allege the following:

1. There must have been a prior institution or continuation of some regular judicial proceedings against the plaintiff in this action for malicious prosecution.

2. Such former proceedings must have been by, or at the instance of, the defendant in this action for malicious prosecution.

3. The former proceedings must have been terminated in favor of the defendant therein, the plaintiff in the action for malicious prosecution.

4. There must have been malice in instituting the former proceedings.

5. There must have been want of probable cause for the institution of the former proceedings.

6. There must have been injury or damage resulting to the plaintiff from the former proceedings.

*Strid v. Converse,* 111 Wis.2d 418, 423, 331 N.W.2d 350 (1983) (quoting *Maniaci v. Marquette University,* 50 Wis.2d 287, 297–298, 184 N.W.2d 168 (1971); *Elmer v. Chicago & N.W. Ry. Co.,* 257 Wis. 228, 231, 43 N.W.2d 244 (1950)).

The state courts have taken a restrictive view of the tort of malicious prosecution.

*Krieg v. Dayton–Hudson Corp.,* 104 Wis.2d 455, 460, 311 N.W.2d 641 (1981). The plaintiff must allege all six elements in order to state a viable claim for malicious prosecution. *Strid,* 111 Wis.2d at 424, 331 N.W.2d 350. If one element is missing, the plaintiff has failed to state a claim upon which relief can be granted. *Id.*

The primary flaw in Mr. Kaufmann's malicious prosecution claim is that the criminal proceeding which was instituted against him did not terminate in his favor. Mr. Kaufmann was ultimately convicted on one of the five counts on which he was indicted, and his conviction was upheld on appeal.

The plaintiffs ask that this court allow them to proceed on their malicious prosecution claim because of the fact that Mr. Kaufmann was convicted on only one of the five counts on which he was indicted. The plaintiffs cite two cases as support for this proposition. *See Janetka v. Dabe,* 892 F.2d 187 (2nd Cir.1989); *Elbrader v. Blevins,* 757 F.Supp. 1174 (D.Kan.1991). However, in both of the cited cases, the plaintiffs brought their malicious prosecution claims based upon the counts filed against them which were dismissed, or upon which they were acquitted. *See Janetka,* 892 F.2d at 190; *Elbrader,* 757 F.Supp. at 1179–1180. In this case, Mr. Kaufmann is apparently challenging the actions which flowed from the count upon which he was convicted.

Furthermore, Mr. Kaufmann's amended complaint is devoid of any allegations of malice on the part of the defendants. While he does make the conclusory allegation that the prosecution was improper, Mr. Kaufmann fails to make any factual allegation that would suggest that the criminal prosecution was instituted with malice. Because count XXIX of the plaintiffs' amended complaint fails to allege the six elements required for a malicious prosecution claim, it will be dismissed for failure to state a claim upon which relief can be granted.

### G. The Plaintiff's Abuse of Process Claim

In count XXX of their amended complaint, the plaintiffs assert a claim against the United States for abuse of process "Ac-tionable Under Wisconsin Law and 28 U.S.C. 2680(h)." As stated above, actions under the FTCA look to the law of the state in which the allegedly tortious conduct occurred to determine whether liability exists.

In order to maintain an action for abuse of process in Wisconsin, a plaintiff must allege that the prosecution was instituted for a purpose other than the purpose for which it was designed, and that there was a misuse of the process. *Strid,* 111 Wis.2d at 427, 331 N.W.2d 350, (citing *Thompson v. Beecham,* 72 Wis.2d 356, 362, 241 N.W.2d 163 (1976)). "'The improper purpose usually takes the form of coercion to obtain a collateral advantage.'" *Thompson,* 72 Wis.2d at 362, 241 N.W.2d 163, (quoting Prosser, *Law of Torts* (4th ed. 1971), pp. 857, 858, sec. 121). Allegations of a proper use of the process with a bad motive are insufficient to support an abuse of process claim. *Thompson,* 72 Wis.2d at 363, 241 N.W.2d 163.

The plaintiffs allege that "the seizure and prosecution were initiated and continued by the defendants and others with malice, bad intentions, ulterior motives and improper purposes including, but not limited to" 1) putting Mr. Kaufmann out of business, 2) because Mr. Kaufmann had exercised his Sixth Amendment rights, 3) satisfying Congressman J.J. Pickle's committee on forfeitures, 4) and satisfying the United States Attorney General's request for an increase in forfeiture income. *Complaint* at ¶ 161. Additionally, the plaintiffs allege that IRS supervisor John Ader refused to produce documents at a deposition, that following Mr. Kaufmann's conviction, the government placed tax liens on his personal residence and rental property, that the government switched from a criminal to a civil forfeiture after Magistrate Judge Goodstein ordered the return of the seized vehicles, and that probation officer Bruce Juppe furnished a presentence report containing incorrect information. *Complaint* at ¶¶'s 162–165.

These vague allegations by the plaintiffs, some without any connection to the actions of the defendants, are simply insufficient to support an abuse of process claim. While the allegations *may* show bad motives, they

fail to show that the defendants misused the process in this case. Absent from the plaintiffs' amended complaint are allegations that the defendants used the criminal prosecution to obtain some unfair advantage over Mr. Kaufmann, or that the criminal prosecution procedure was used for any purpose other than that for which it was intended. As such, count XXX of the plaintiffs' complaint fails to state a claim upon which relief can be granted.

### H. The Plaintiffs' Claim for Attorney's Fees

The plaintiffs have reasserted their claim for attorney's fees in their amended complaint, labeled as "Count XXXI." As I stated in the December 22, 1993, decision and order, it is premature to rule on the plaintiffs' request for attorney's fees. If the plaintiffs ultimately prevail in this action, the court will then resolve their request for attorney's fees. The plaintiffs have asked for attorney's fees as part of their request for relief. Therefore, their separate "claim" for attorney's fees will be dismissed, without prejudice.

### ORDER

Therefore, IT IS ORDERED that the defendants' motion to dismiss be and hereby is granted to the extent that counts II, III, IV, V, VI, VII, IX, X, XI, XII, XIII, XIV, XVI, XVII, XVIII, XIX, XX, XXI, XXIII, XXIV, XXV, XXVI, XXVII, XXVIII, XXIX, XXX and XXXI of the plaintiffs' amended complaint are dismissed without prejudice.

IT IS ALSO ORDERED that the defendants' motion to dismiss be and hereby is denied to the extent that the defendants are seeking dismissal of counts I, VIII, XV and XXII of the plaintiffs' amended complaint.

IT IS FURTHER ORDERED that the defendants' motion to dismiss be and hereby is denied to the extent that it seeks dismissal of the plaintiffs' action in its entirety.